## JOHN C. HARTZLER v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

### Division One. March 31, 1909.

1. **APPELLATE JURISDICTION: Constitutional Question: Not Timely Raised.** If the constitutional question is not timely raised, it is not raised at all. If it could in due course of orderly procedure have been put into the case by the answer, or in the instructions, or in other timely ways, and was not, it cannot be raised by being injected into the motion for a new trial.

2. ———: ———: ———: **Amendment to Damage Act.** The defendant, after a verdict for $4,000, in its motion for a new trial, assigned that the amendment of 1905 to the Damage Act, allowing to the husband the right to recover as much as $10,000 for the wrongful death of the wife, was unconstitutional in certain respects specified, and that the trial court in giving certain instructions in harmony with said statute denied to defendant the protection afforded by certain specified sections and clauses of the Constitution. *Held*, that the unconstitutionality of the statute could have been raised sooner than by the motion for a new trial, and hence was not raised at all by that motion.

3. ———: ———: ———: **Abandonment.** The point that an act of the Legislature is unconstitutional, assigned as a ground for a new trial and set out in the briefs, but not discussed nor reasoned, will be considered abandoned on appeal; but whilst an abandonment of a constitutional question once timely put into the case will not destroy the jurisdiction of the court over the case, yet its abandonment does help to soften the disposition of the case when it is apparent that the question was not timely lodged in it.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune*, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*John H. Lucas* and *Charles L. Botsford* for appellant.

*Charles M. Miller* and *Scarritt, Scarritt & Jones* for respondent.

LAMM, P. J.—Plaintiff sues for $10,000 for the
wrongful death of his wife—his action obviously
grounded on the amendment to section 2864 of the old
Damage Act (Laws 1905, p. 135, *et seq.*)—and recovers
$4,000. The answer is a plain general denial and an
allegation of contributory negligence. Up to the mo-
ment of verdict and judgment, no constitutional guar-
antee was invoked by defendant. In a motion for a
new trial defendant, for the first time, raised a con-
stitutional question below. Point eight of that motion
runs:

"The court denied to this defendant in the giving
of the instructions numbered 1 and 5 the guarantees af-
forded to it by the Constitution of the State of Mis-
souri, *viz.*: Those afforded by sections 4, 20 and 30 of
article 2 of said Constitution in this, that the said
instructions denied to the defendant the natural right
to the enjoyment of the gains of its own industry and
take from the defendant its property for private use
without any compensation therefor, and deprive the
defendant of its property without due process of law,
and deny to the defendant the protection afforded by
section 53, article 4, of the Constitution of the State of
Missouri, in this, that they authorize the rendition of
a judgment against this defendant based upon a special
law purporting to have been passed by the said Legis-
lature without any notice therefor, and without any
authority for the passage of the same, and delegating
to the jury in the assessment of damages the affixing
of a penalty, the power of which to affix is vested solely
and alone in the Legislature, and by charging and de-
claring to the jury that the Act of the Legislature of
the State of Missouri entitled, 'An act to amend sec-
tion 2864 of chapter 17 of the Revised Statutes of the
State of Missouri, 1899, entitled "Damages and Con-
tributions in Actions of Tort," approved April 13,
1905' (Laws 1905, page 135), was and is a valid exer-
cise of the legislative power of the State of Missouri,

when the said act aforenamed is in truth and in fact and was averred and charged to be by this defendant violative of every provision of the Constitution hereinbefore referred to.''

The motion being overruled, defendant appeals here.

The amount involved is below our jurisdiction. If this court has any, it is by virtue of the fact that defendant waited until the judgment rendered was too small to give it and then sought to give it by the foregoing clause in that motion. It becomes apparent from an examination made of the record that the constitutional question, in due course of orderly procedure below, could have been put in the case by the answer, or in the instructions, or in other timely ways, so as to save it. The motion for a new trial was not the first door open for the question to enter, and in our later decisions we have ruled that a question of such gravity must be raised as soon as orderly procedure will allow. This, in order that the trial court may be treated fairly and the question get into the case under correct safeguards and ear-marked as of substance and not mere color.

In Suess v. Ins. Co., 193 Mo. l. c. 570, a constitutional question was held properly preserved—the court saying: ''That point was well preserved in the trial court, in objection to the evidence, in an instruction asked and in the motion for a new trial. It could not have been made in this case any sooner than it 'was.''

In Ash v. City of Independence, 169 Mo. 77, some stress was laid, *arguendo,* on the fact that the constitutional point was made timely. So in Barber Asphalt Co. v. Ridge, 169 Mo. l. c. 387, *et seq.*

In Shell v. Railroad, 202 Mo. 339, it was pointed out how a constitutional question in the answer might become lifeless through after proceedings.

In Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, the constitutional question was raised for the first

time in the motion for a new trial, and it was held on review of many cases that under the circumstances there present, it could have been raised sooner, and therefore was not raised at all so as to give this court jurisdiction. That case is on all-fours with this and must control, if it be followed.

In State v. Gamma, 215 Mo. 100, the Lohmeyer case was followed and it was held that a constitutional question could not be raised for the first time in a motion in arrest, under the record presented there.

Here, as in the Lohmeyer case, appellant makes the constitutional point in its brief and stops short with that—counsel contenting themselves there (as here) with making the point and leaving it wholly unreasoned. In this condition of things, it is pertinent to observe that a stout presumption runs that all statutes are *prima facie* constitutional. The burden lay, then, on appellant to specifically point out wherein, why and wherefore the law was unconstitutional. Appellant omits the *why* and *wherefore*. A mere recitation is made in the brief of the clauses of the Constitution, State and Federal, alleged to be violated. But a mere bare schedule of the clauses of the Constitution alleged to be violated has no tendency to show wherein they are violated. The failure of counsel to reason the point (though well equipped to do so) is tantamount to an abandonment of it. By saying so much as that, we do not mean to rule that if we, *prima facie*, had jurisdiction, we would lose it by the mere abandonment of the point; for jurisdiction is not given or lost by mere consent. What we mean to say is that we feel invited to broadly infer that, by their refusal to reason the point, counsel concede it no point to reason. This, since briefing a case necessarily involves the elemental idea of aiding an appellate court to determine controverted questions by presenting legal principles and citing authorities (Rule 15).

This court will neither grasp jurisdiction nor shirk the responsibility of assuming it and our disposition of this case is softened to us because of the construction we have put on counsel's position.

We remain content with the reasoning of the Lohmeyer case and the conclusion there reached. Hence, as we ruled there, we rule here. Because the constitutional point was not timely invoked in accordance with the usual course of orderly procedure, we hold this court has no jurisdiction of this appeal.

The cause is transferred to the Kansas City Court of Appeals for its decision. All concur.