MARY BROOKS v. HARRY MENAUGH and WESLEY DENT; HARRY MENAUGH, Appellant.—6 S. W. (2d) 902.

Division Two, May 25, 1928.

*Jones, Hocker, Sullivan & Angert* for appellant.

*Earl M. Pirkey* for respondent.

WHITE, J.—Suit for damages on account of personal injuries.

The plaintiff was riding as a guest in the car of Harry Menaugh, who was driving eastwardly on Winnebago Street. Wesley Dent was driving north on California Avenue, when his car collided with that of Menaugh, at the intersection of the two streets. It is alleged that the defendants so negligently managed and operated their automobiles that the car operated by Menaugh ran upon the sidewalk and a collision ensued between the two automobiles, causing the plaintiff's injuries. The specific acts of negligence of the defendants are set out in the petition.

On a trial in the Circuit Court of the City of St. Louis there was a verdict in favor of the defendant Wesley Dent, and in favor of the plaintiff against Harry Menaugh, awarding plaintiff $2500 damages. From that judgment Menaugh appealed.

The amount involved does not give this court jurisdiction. No constitutional question was raised in the pleadings. In the motion for new trial the appellant assigns error in that the court instructed the jury that under the law the defendants were obliged to use the highest degree of care, ". . . because said instructions are based and predicated upon the section of the statute found at page 91 of Session Laws 1921, which is in violation of Section 28 of Article IV of the Constitution of the State of Missouri," and "that said instructions based upon said Section 19, at page 91, of Acts of the extra session of the Legislature convened June 14, 1921, requiring the defendants to use the highest degree of care, are in violation of Section

55 of Article IV of the Constitution of the State of Missouri," setting out that provision of the Constitution.

In overruling the motion for new trial the court may be said to have determined this constitutional question against the defendant.

However, this court has no jurisdiction of the case on account of the constitutional question, because the question was abandoned in the briefs, presented to this court. The appellant presents an elaborate assignment of errors, complaining in detail of the particular instructions referred to in the motion, but in the several objections to such instruction neither the statute nor the Constitution is mentioned. In the points and authorities of the appellant many errors are claimed to have been committed and propositions of law stated, but neither the Constitution nor the statute is mentioned. No mention of the Constitution appears in the argument. In that state of the record this court has no jurisdiction of the cause. [Cooper County Bank v. Bank of Bunceton, 276 S. W. 622, and cases cited; Coombs v. Fuller, 223 S. W. 741; Harbis v. Cudahy, 223 S. W. 578; Botts v. Railroad, 248 Mo. 56; Little River Drainage District v. Houck, 282 Mo. 458.]

We cite all these cases in order to show the uniform ruling of this court, that a constitutional question, in order to give this court jurisdiction, must not only be properly raised but must be kept alive and presented to this court in good faith as a live question in the case.

The cause is transferred to the St. Louis Court of Appeals. All concur.