STANDARD OIL COMPANY, Appellant, v. CITY OF MOBERLY, Appellant.
—23 S. W. (2d) 1004.

Division One, February 3, 1930.

*Hunter & Chamier* for Standard Oil Company.

*M. J. Lilly, Hulen & Walden* and *W. B. Stone* for City of Moberly.

GANTT, J.—Suit to recover $3226.67 paid in four installments by plaintiff to defendant under an ordinance levying a tax of one

cent a gallon on sales of petroleum products by wholesale oil stations in Moberly, Missouri. The case was presented without a jury and the court found the ordinance void; that the plaintiff voluntarily made the first payment and made the other payments under duress. Judgment was for defendant on the first payment and in favor of plaintiff for $2767.48 on the last three payments. Both parties appealed.

It is alleged in the petition that the ordinance contravenes the Fourteenth Amendment to the Constitution of the United States and Sections 3, 4 and 11 of Article X of the Constitution of Missouri.

The answer is a general denial, with an allegation that the defendant has long since spent the money.

In its motion for a new trial, the defendant charged the trial court with error in holding the ordinance unconstitutional. It also assigned error in its brief for that reason. However, it is not mentioned in its points and authorities, and its argument is silent on the question. Moreover, it states in its brief that "the question of duress is the sole and only question to be determined." In the brief of plaintiff is the following:

"Judge Walker, who tried this case, in a case (Moberly Oil Company v. City of Moberly) tried by him in the Randolph County Circuit Court a short time before this case was tried, held that the ordinance in question was void, and this case was tried by all parties concerned on the theory that the ordinance was unconstitutional and void. Since the payments were made under an admittedly void ordinance, the only question involved in this appeal is, whether or not the payments were involuntary and made under compulsion and duress."

Thus it appears the appellant city abandoned in this court its contention that the ordinance is valid. On the record this court is without jurisdiction. [Bank v. Bank, 310 Mo. 519; Village of Grand View v. McElroy, 318 Mo. 135.]

It follows the case must be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.