MARY DEHATRE, Administratrix of the Estate of LOUIS DEHATRE, Appellant, v. JULIUS H. RUENPOHL.—108 S. W. (2d) 357.

Division Two, August 26, 1937.

*A. G. Schumacher* and *Clarence G. Baxter* for appellant.

*A. E. L. Gardner* for respondent.

ELLISON, J.—We are confronted at the outset with the question whether we have jurisdiction of this appeal. The case as tried in the circuit court was to establish a constructive trust in real estate and for an accounting of some $5000 or $6000 in rents and profits collected therefrom by the respondent. The trial court made a general finding for the respondent and dismissed the then appellant's bill, whereupon he appealed. Undoubtedly, on the record brought up this court had jurisdiction of the appeal under Section 12, Article VI of the Constitution and Section 5 of the Amendment of 1884, because the controversy directly involved the title to real estate. [Loewenstein v. Queen Ins. Co., 227 Mo. 100, 130, 127 S. W. 72, 85; Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) 773.]

[2] But after the appeal was lodged here, and before submission, the sole plaintiff and appellant died. His death was suggested and the cause revived in the name of his widow and administratrix, Mary DeHatre, all with the written consent of respondent. She appeared and the case has been briefed on all the issues mooted at the trial below including those involving the title to real estate. But an intestate's real estate descends to his heirs, not to his personal representative, Jones v. Peterson, 335 Mo. 242, 256, 72 S. W. (2d) 76, 84; and the heirs of the appellant have not been made parties and brought in though more than three terms of this court have elapsed since his death was suggested. These facts raise several serious questions.

The controversy over the accounting of rents and profits alone cannot give us appellate jurisdiction because the amount there in dispute does not exceed $7500. [Sec. 3, Const. Amendment of 1884; Sec. 1914, R. S. 1929, Mo. Stat. Ann., p. 2587.] So we must determine whether the part of the case involving the title to real estate is still before us in such sense as to keep our jurisdiction alive. This question turns on two others: Under the foregoing facts does our jurisdiction now depend solely on the state of the record when the cause left the trial court; and if not, has the respondent waived the failure to bring the appellant's heirs into the case, by consenting to a reviver in the name of the administratrix only and by briefing the case on the issues involving title to real estate?

Where a cause of action is triable *de novo* on appeal the rules of abatement governing the action in the trial court prevail. [1 Am. Jur., sec. 67, p. 63; 1 C. J. S., sec. 128, p. 176.] In equity, on the death of a party ''a pending suit does not abate if it is of a nature that survives; rather it is merely suspended until the representative of the deceased party, or other person who succeeds to his interest, is made a party to the litigation.'' [1 Am. Jur., sec. 57, p. 59; 1 C. J. S., sec. 117, p. 168; sec. 160, p. 212.] That is the general law on the subject. But we have statutes in this State governing the matter, which have always been treated as applicable to equity cases. [Posthlewaite v. Ghiselin, 97 Mo. 420, 10 S. W. 482; Maguire v. Moore, 108 Mo. 267, 277, 18 S. W. 897, 900; Reed v. Colp, 213 Mo. 577, 581, 112 S. W. 255, 256; State ex rel. Potter v. Riley, 219 Mo. 667, 674, 118 S. W. 647, 649; Edwards v. Watson, 258 Mo. 631, 637, 167 S. W. 1119, 1120; Carter v. Burns (Mo. Div. 1), 61 S. W. (2d) 944; Id., 332 Mo. 1128, 1138, 61 S. W. (2d) 933, 938.]

Section 1056, Revised Statutes 1929 (Mo. Stat. Ann., p. 1339), provides: ''If all the appellants or plaintiffs in error die after the appeal is taken, or writ of error is brought, and before judgment rendered thereon, the executors or administrators of the last surviving plaintiff or appellant or the heirs and devisees of the plaintiff and

appellant, in cases where they would be entitled to bring writs of error, may be substituted for such plaintiffs, and the cause shall proceed at their suit." Section 1058, Revised Statutes 1929 (Mo. Stat. Ann., p. 1340), provides: Persons may be substituted as parties, or compelled to become parties, in cases pending in the Supreme Court in like time and manner and with like effect as provided for in original suits in circuit courts."

Respecting actions in the circuit court that survive or continue (of which the instant suit is one), Section 891, Revised Statutes 1929, (Mo. Stat. Ann., p. 1173), provides: "In case of the death, . . . of a party, the court, on or before the third term after the suggestion of such death, . . . may, on motion, order the action to be continued by or against the representative or successor of such party in interest." Section 892 (Mo. Stat. Ann., p. 1177), says: "After the suggestion of the death, . . . the order may be made on the motion of the adverse party, or of the representatives or successor of the party who died, . : . and the names and capacities of the representatives or successor shall be stated in the order." Section 893 (Mo. Stat. Ann., p. 1178), provides: "If the order is made upon the voluntary appearance and by consent of the parties, the action shall forthwith stand revived." The section contains further provisions requiring the order to be made conditionally and summons to be issued if the order is not made on voluntary appearance and consent.

The next section, the important one here, is Section 896 (Mo. Stat. Ann., p. 1179), which provides: ",In all cases where the representatives of a deceased . . . party shall not be made parties according to the provisions of this article, on or before the third term after the suggestion of the death, . . . the action shall abate as to such party and the interest of his representatives or successor therein; and the cause shall proceed in favor of or against the survivors. In case there be no surviving plaintiff or defendant, the suit shall be dismissed."

Posthlewaite v. Ghiselin, supra, 97 Mo. 420, 10 S. W. 482, was a suit to enjoin the enforcement of a judgment which had been recovered against one Carson after his death. The original action, to recover the price of cotton sold, was pending and undetermined when he died. His death was suggested but no steps were taken to revive the cause until six terms of court had elapsed. Then summons was issued and served on his executor, who appeared, filed answer to the merits and defended, the result being a substantial judgment against him, which was affirmed by this court, and the United States Supreme Court. On an attempt to enforce the judgment as a demand in the probate court, the injunction suit followed. The contention was that the judgment was void because the action had not been revived within

three terms after the suggestion of death, in obedience to the statute. This court held the judgment was not void or open to collateral attack because the point had not been raised in the original action culminating in the judgment. The reasoning of the opinion was that the executor could and did waive the statute by appearing and defending; and that he had authority to do this, since he could have done the same thing if the action had been brought directly against him as such executor after his testate's death.

This Posthlewaite case was cited as authority on an analogous question in Lovitt v. Russell, 138 Mo. 474, 483-4, 40 S. W. 123, 125; and was approved in State ex rel. Potter v. Riley, supra, 219 Mo. 1. c. 686, 118 S. W. 1. c. 648, where it was held a judgment against a decedent is not void if the court had jurisdiction over the subject matter and had acquired jurisdiction over the person before the death, and there was nothing in the record showing such death.

To the contrary, is Rutherford v. William's Legal Representatives, 62 Mo. 252, where, after the cause had been brought to issue the death of the sole defendant was suggested and more than three terms of court elapsed without any steps being taken to bring in his legal representatives. The court dismissed the suit on its own motion. Thereupon, at the same term, the plaintiff's attorney moved to reinstate the case and filed an affidavit showing he had been led to believe the defendant's legal representative would enter his appearance. The cause was reinstated on the docket and a summons issued, in response to which the deceased defendant's representative filed answer stating the foregoing facts and praying that the writ of summons be quashed and the cause stricken. This the court did, and on appeal to this court the judgment was affirmed.

The opinion says: "The statute, in relation to the abatement of suits and their revival, is in the nature of a special Statute of Limitations, and, after the expiration of the time therein limited, no writ of *scire facias* can issue. . . . No provisions are made for extending the time so limited under any circumstances; the language of the statute seems to be imperative, and we are not now prepared to say that there are any exceptions to its requirements. We are very clear, however, that if exceptions could be made, the statements contained in the affidavit of plaintiff's attorney were insufficient to excuse his failure to take the steps pointed out by the statute."

And in Cole v. Parker-Washington Co., 276 Mo. 220, 257, 259, 207 S. W. 749, 766, decided by the court en banc. State ex rel. v. Riley, supra, 219 Mo. 667, 118 S. W. 647, was overruled. The opinion in this Cole case is long and reviews many decisions from this and other states. The conclusion reached, summarized, is that at common law the death of a party to an action before judgment against him

754

permanently abated the suit and made the judgment absolutely void, except insofar as provided to the contrary in the reviver statutes.

Bostick v. McIntosh, 278 Mo. 395, 401, 402, 213 S. W. 456, 458, decided by Division Two of this court, holds: "In our opinion, Section 1921 (Sec. 896, R. S. 1929, Mo. Stat. Ann., p. 1179) supra, was intended to operate as a special Statute of Limitations; and to *prohibit* the revival of the action under such facts as are disclosed by the record herein." The facts were that after suggestion of the death of the defendant before judgment, and prayer for the revival of the suit in the name of his executrix and the issuance of a summons to her, the summons was never issued. Over a year later she appeared specially and moved that the cause be abated. Following that a new summons was issued and served. The trial court abated the action.

It is unnecessary for us to hold in this case that the provisions of Section 896 (Mo. Stat. Ann., p. 1179), supra, providing that a cause of action shall be dismissed if there is no surviving plaintiff, and his representatives have not been brought into the case on or before the third term after the suggestion of death—it is unnecessary for us to hold, we say, that these requirements never can be waived, and that the adversary party never can be estopped to invoke them. There is no such waiver or estoppel in this case. The fact that the respondent consented to the reviver as proposed by the administratrix, and that he briefed and presented the case on all the issues, does not amount to a waiver or estoppel. As a matter of fact this indicates the respondent is still abiding by the reviver as made. It is this court which is raising the question to protect our own jurisdiction; and obviously we cannot render and have no power to render any decree affecting the title to real estate when our record shows the present owners—or successors to appellant's title—are not in court.

. There are a good many cases holding that our jurisdiction is dependent on the state of the record when it leaves the trial court, such as McGregory v. Gaskill, 317 Mo. 122, 296 S. W. 193; Stuart v. Stuart, 320 Mo. 486, 8 S. W. (2d) 613; and Schildnecht v. City of Joplin, 327 Mo. 126, 35 S. W. (2d) 35. The theory of these holdings is that our appellate jurisdiction is derivative and cannot be conferred by anything that occurs subsequent to the taking of the appeal. But there are also cases holding that issues can be *abandoned* resulting in the loss of appellate jurisdiction, as where an issue involving the title to real estate is abandoned and the cause otherwise would not come here. [Nettleton Bank v. Est. of McGauhey, 318 Mo. 948, 954, 2 S. W. (2d) 773, 775.] So, also, it has been several times ruled that we lose jurisdiction of a case brought here on the theory that a constitutional question is involved if that ques-

tion is abandoned on appeal. [Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S. W. 622; Brooks v. Menaugh, 320 Mo. 183, 6 S. W. (2d) 902; Standard Oil Co. v. City of Moberly, 324 Mo. 577, 23 S. W. (2d) 1004; Junior v. Junior, 84 S. W. (2d) 909.] There is one case, Little River Drainage District v. Houck, 282 Mo. 458, 460, 222 S. W. 384, decided by the court en banc, four judges concurring, which holds that if a constitutional question was a live issue in the trial court when the appeal was taken, our appellate jurisdiction will not be divested and the cause transferred to a Court of Appeals, even though the question is abandoned here.

But however that may be, the law is well settled that "no judgment or other order affecting the merits can be entered, before revivor, which would be binding upon those who are the successors in interest of the deceased party." [Carter v. Burns, 332 Mo. 1128, 1138, 61 S. W. (2d) 933, 938.] It is too late now, under Section 896 (Mo. Stat. Ann., p. 1179), supra, to bring in the appellant's heirs. We have no jurisdiction of the case without them. Necessarily, therefore, the cause must be transferred to the St. Louis Court of Appeals, and it is so ordered. All concur.