ALBERT HUNTER v. H. CLAY HUNTER, Appellant.—No. 39803.—197 S. W. (2d) 299.

Division Two, November 11, 1946.

R. F. Baynes for appellant.

Harry H. Bock and Edward F. Sharp for respondent.

BOHLING, C.—This is an action instituted by Albert Hunter against H. Clay Hunter, in two counts, first, to determine title and, second, in ejectment and for damages. The pleaded case involved adjoining parts of two lots in New Madrid, Missouri. For convenience we designate them as the "north tract" and the "south

tract." The counts in plaintiff's petition alleged plaintiff's causes of action in general terms. Defendant's answer denied plaintiff's plea of title and pleaded, in effect, that plaintiff had a life estate in the north tract, with the fee in remainder in defendant, and that defendant owned the south tract in fee, free from any claim of plaintiff. Defendant's answer to plaintiff's count in ejectment conformed to his answer to the title count. The litigants ▮▮▮ are brothers, deriving title under their mother's will, which devised what is "known as the Rexall Drug Store building" in New Madrid to Albert for life, with remainder in fee to H. Clay Hunter. The will also named H. Clay Hunter as residuary devisee and as such he claims the fee to the south tract. Two adjoining storerooms are on the two tracts; the Rexall drug store occupying the north room and a restaurant occupying the south room. The trial narrowed the controversy to whether Albert's life estate embraced this south room, the land occupied by the restaurant, by reason of the two storerooms constituting one building; that is, the "Rexall Drug Store building" mentioned in the mother's will. The judgment of the trial court, entered November 23, 1945, found the issues for plaintiff and against defendant, and on the first count, adjudged that plaintiff owned a life estate in the whole of the real estate and that, subject to said life estate, defendant owned the fee simple title; and, on the second count, adjudged that plaintiff was entitled to recover possession of the "south" room of the building, together with $520 damages and $40 monthly until restored to possession. Defendant perfected his appeal to this court. Thereafter, on September 4, 1946, plaintiff died and his administrator filed herein on September 18, 1946, suggestions of his death and application for entry of his appearance as "successor to respondent."

This court has jurisdiction of appeals involving the title to real estate (consult Const. Mo. 1945, Art. V, Sec. 3; Const. Mo., 1875, Art. VI, Sec. 12, Amend. 1884, Sec. 5); including judgments in which the determination of title to real estate is void on account of being beyond the jurisdiction of the trial court (Watts v. Watts, 304 Mo. 361, 365, 263 S. W. 421, 422[4]; State ex rel. Place v. Bland, 353 Mo. 639, 648[1], 183 S. W. 2d 878, 884[3]; Riley v. La Font (Mo.), 174 S. W. 2d 857[1]). But title to real estate must be directly and not merely incidentally or collaterally involved to vest appellate jurisdiction here. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 952, 953, 2 S. W. 2d 771, 774[5, 7, 8]; quoted in Re Ellis' Estate (Mo.), 127 S. W. 2d 441, 442[1]. The instant judgment on the quiet title count directly involved and adjudicated a title controversy with respect to the south tract. However, an examination of the record discloses that the ejectment count was an ordinary action in ejectment wherein neither litigant asked an adjudication respecting the title and that the judgment thereon conformed to the pleadings in this respect. In these circumstances title was only incidentally or col-

laterally involved in the ejectment branch of the litigation and did not vest appellate jurisdiction here. Gibbany v. Walker, 342 Mo. 156, 113 S. W. 2d 792. With the death of plaintiff, defendant comes into the undisputed fee simple title to the whole of the real estate and the dispute directly involving the title to the portion occupied by the "south storeroom" has ceased to exist in a jurisdictional sense although it may remain incidentally in the ejectment count insofar as title may have an effect on the issue of possession and damages connected therewith. This presents a question with respect to the proper court for review; although not briefed by the litigants.

Cases are to the effect that appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted and that nothing subsequently occurring will defeat or confer jurisdiction on this court. State ex rel. Brenner v. Trimble, 326 Mo. 702, 709, 32 S. W. 2d 760, 762[2], quoting Little River Drain. Dist. v. Houck, 282 Mo. 458, 461, 222 S. W. 384, 385; Platies v. Theodorow Bakery Co., 334 Mo. 508, 511, 66 S. W. 2d 147, 148; Hardt v. City Ice & Fuel Co., 340 Mo. 721, 722, 102 S. W. 2d 592, 593. This statement of the rule may be too broad if taken literally; as, for instance, appeals lodged here on the ground a constitutional question is involved are transferred where the constitutional question stands ruled and determined (City of Marshfield ex rel. v. Brown, 337 Mo. 1136, 1139, 88 S. W. 2d 339, 340[3]), although in instances wherein the constitutional question had not been determined at the time of the appeal but was determined in another case pending the appeal, we have retained ▇▇ jurisdiction (McFall v. Barton-Mansfield Co., 333 Mo. 110, 116[4], 61 S. W. 2d 911, 912[2]; Privitt v. St. Louis-S. F. Ry. Co. (Mo.), 300 S. W. 726, 727[1]). And we transfer appeals to the proper court of appeals where the constitutional question raised in the trial court is not briefed or relied upon in this court because we find from an examination of the record the constitutional question to be "merely colorable and not substantial" (Little River Drain. Dist. v. Houck, supra); in some instances putting the holding on the ground of the abandonment of the constitutional question in this court (see cases cited in Ashbrook v. Willis, 338 Mo. 226, 228[3], 89 S. W. 2d 659, 660[6]). We have refused to rule issues which according to the record have ceased to be a live question in the case. State ex rel. Kansas City Pub. Serv. Co. v. Waltner, 350 Mo. 1021, 1041[6], 169 S. W. 2d 697, 706[24]; State ex rel. Winkelman v. Westhues (Mo.), 269 S. W. 379; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 513, 24 S. W. 2d 108, 109; West St. Louis W. & Lt. Co. v. Public Serv. Comm. (Mo.), 197 S. W. 340. Ewing v. Kansas City, 350 Mo. 1071, 1076, 169 S. W. 2d 897, 900, states: ". . . our jurisdiction depends upon live issues presented on matters within our jurisdiction." We pierce the shell of the record presented for review sufficiently far to determine that

our proper jurisdiction is not infringed upon or improper jurisdiction is not foisted upon us. In cases brought here on the theory the "amount in dispute" vested appellate jurisdiction in this court, we have transferred the review to a court of appeals where the record established that the real amount in dispute vested appellate jurisdiction in a court of appeals and that the paper amount in dispute was merely colorable and not substantial. Vanderberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908; Ashbrook v. Willis, 338 Mo. 226, 89 S. W. 2d 659; Esmar v. Haeussler, 341 Mo. 33, 34[2], 106 S. W. 2d 412, 413[3]. The case of DeHatre v. Ruenpohl, 341 Mo. 749, 754, 108 S. W. 2d 357, 360[6, 7], quite similar to the instant case, was transferred to the proper court of appeals where the plaintiff-appellant died while the appeal was pending and the issue involving title on the date of the appeal ceased to be a live judicable issue by reason of a failure to timely bring in the heirs as parties.

In the instant case defendant (appellant here) has come, by reason of plaintiff's death, into the whole of the title he set up in his answer to plaintiff's quiet title count. Any real controversy with respect to the quiet title count has ceased to exist. Title is only incidentally involved in the ejectment count, which count embraces the only live issue in the case following plaintiff's death. This is insufficient for appellate jurisdictional purposes here under the authorities mentioned and the circumstances presented.

Accordingly, we transfer the cause to the Springfield Court of Appeals. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.