EDWIN HANNA, Appellant, v. LENA SHEETZ ET AL.—No. 40121.—200 S. W. (2d) 338.

Division Two, March 10, 1947.

H. K. West and Edwards & Dempsey for appellants.

George N. Davis and William M. VanCleve for respondents.

LEEDY, J.—This is a statutory action to contest a will. Plaintiff appeals from a judgment of the Macon Circuit Court dismiss-

ing the action, which was rendered on motion of defendants, the executor and the residuary legatee, under Sec. 538 R. S. '39 and Mo. R. S. A., as amended and re-enacted by Laws 1943, p. 303, for failure of plaintiff to secure and complete service of process on all the parties defendant within the time prescribed by said section.

Plaintiff says this court has jurisdiction of the appeal because "the will involved real estate and the rights of the executors to sell." This is the sum total of all that is said by appellant's brief on the subject. Defendants, taking a different view say that because the motion for a new trial attacked the constitutionality of the statute, supra, under which the court acted in dismissing the cause, and notwithstanding the fact that that question is not mentioned in the briefs, nevertheless, at the time the appeal was taken a constitutional question was involved, hence fixing jurisdiction in this court, so that the appeal is properly lodged here, and this court should decide the issues.

It is unnecessary to cite authorities in support of the proposition that to confer appellate jurisdiction on the Supreme Court, the necessary facts must affirmatively appear from the record. In the case at bar, it does not appear from the petition, nor from any other part record, whether any real estate passed by the will. The will makes thirteen bequests of money aggregating $4100.00, ranging in amount from $50.00 to $2,000.00. It does not in terms refer to, nor devise any specific realty. Its one reference to the subject of real estate is contained in the residuary clause, where, after bequeathing the sum of $2,000.00 to defendant-respondent, Lena Sheetz, it employs the following stock expression: "And in addition thereto, I give and bequeath to the said Lena Sheetz, all the rest, residue and remainder of my estate *real*, personal and mixed and wherever situated . . ." It is not contended, nor could it be, that this is sufficient to show the nature of testator's estate as consisting in part of real estate, and so within the rule that the contest of a will devising realty is within the exclusive jurisdiction of the Supreme Court under Art. V, Sec. 3, Constitution of 1945. Proffer v. Proffer, 342 Mo. 184, 114 S. W. 2d 1035. It is clear, therefore, that on the ground invoked by plaintiff, this court is without jurisdiction of the appeal.

As stated, the briefs make no mention of any constitutional question. In such a situation, under some of the authorities, the court is at liberty to conclude that the alleged constitutional question is merely colorable, and not substantial, and upon that ground transfer the case. Little River Drainage District v. Houck, 282 Mo. 458, 222 S. W. 384; Hartzler v. Met. St. Ry. Co., 218 Mo. 562, 117 S. W. 1124; Hunter v. Hunter, 355 Mo. 599, 197 S. W. 2d 299. Others hold that where the constitutional question is abandoned in appellant's brief, the Supreme Court loses jurisdiction of the cause. DeHatre v. Ruenpohl, 341 Mo. 749, 108 S. W. 2d 357; Ashbrook v. Willis, 338

Mo. 226, 89 S. W. 2d 659; Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S. W. 622; Brooks v. Menaugh, 320 Mo. 183, 6 S. W. 2d 902; Standard Oil Co. v. City of Moberly, 324 Mo. 577, 23 S. W. 2d 1004; Junior v. Junior (Mo. Sup.) 84 S. W. 2d 909. ·Our attention has not been called to any case where this court has retained jurisdiction, where dependent on a constitutional question, when that question was not briefed. As said by JUDGE LAMM in the Hartzler case, in referring to the failure of an appellant to brief the constitutional point, and transferring the cause " . . . we feel invited to broadly infer that, by their refusal ▇ to reason the point, counsel concedes it is no point to reason." So it is in the case at bar, and in either view — whether because the question is merely colorable, or has been abandoned — this court is without jurisdiction, and the cause must be transferred to the Kansas City Court of Appeals. It is so ordered. All concur.