John S. McGuire, Appellant, v. Frank C. Hutchison; C. Earl Hovey, Trustee; C. Earl Hovey; and The Fairfax Engineering Company, Inc.—No. 39932.—201 S. W. (2d) 322.

Division Two, April 21, 1947.

Edmund H. McVey, William E. Kemp and J. R. Clagett for appellant.

Nelson E. Johnson for respondents Frank C. Hutchinson and C. Earl Hovey, Trustee.

C. Earl Hovey for respondent C. Earl Hovey.

LEEDY, P. J.—Plaintiff appeals from an adverse judgment and decree in this action which he brought to have himself declared to be the sole owner of Letters Patent No. 2307148, covering repair parts for pipe lines, issued by the U. S. Patent Office on January 5, 1943. In 1942, he and Hutchison, who were both engineers, entered into contracts respecting their business relations, and the joint de-

velopment of their inventions. McGuire was the inventor of the device covered by the patent just mentioned, and he applied for the letters. Defendant Hutchison invented an apparatus for contouring the ends of tubular stock for which, under an arrangement between himself and McGuire, a patent was applied for in the name of McGuire as the inventor, and letters thereon were subsequently issued on September 9, 1942. On July 14, 1942, while both applications for letters (together with a divisional application on the contouring device) were pending, McGuire, by assignment (recorded in the Patent Office on September 12, 1942) conveyed the legal title to the applications, and in the letters patent maturing therefrom, to the defendant Hovey, as Trustee.

On August 1, 1942, Hovey, the trustee, as party of the first part, and McGuire and Hutchison, the beneficial owners, as parties of the second part, entered into a written agreement, called a ''Trust Agreement'', which provided, in substance, the following:

(1) That the respective interests of each of the beneficial owners was declared to be, and fixed at, 50%;

(2) That Hovey should hold in trust, for the benefit of McGuire and Hutchison, the applications heretofore mentioned in this opinion, and patents arising therefrom, together with any others that might be assigned to him;

(3) That the legal title thereto ''shall remain vested in the trustee to the end of the period for which the Letters Patent covering the inventions forming the subject matter hereof, shall be issued, or until sooner terminated as hereinafter provided;''

(4) That the trustee bond himself and his successors ''to do as requested in writing, whatever the Beneficiaries may hereafter direct him to do'' in the several respects therein enumerated;

(5) That the compensation of the trustee should be $50.00 per month, payable monthly;

(6) That the agreement ''may be terminated at any time upon written notice to the Trustee from the Beneficiaries,'' in which event the trustee shall transfer to the beneficiaries, or their assigns, in proper proportions the title to ''said inventions, applications for Letters Patent, and any Letters Patent arising from the applications, licenses and royalty agreements, and he shall in like manner distribute the moneys and accounts remaining in his hands.''

(7) Provided for the appointment of substitute or successor trustees, and defined the terms ''trustee'' and ''beneficiaries.''

Plaintiff's petition is bottomed upon the theory that the foregoing ''Trust Agreement'' of August 1, 1942 (which he alleges to have been an agreement of partnership between himself and Hutchison), was cancelled by his (McGuire's) and Hutchison's subsequent written agreement of July 8, 1943; or, if this be not so, then alternatively, that the alleged partnership be dissolved, and the interests of the

parties determined, and that Hovey, as Trustee, be ordered and directed to reconvey the title to No. 2307148 to plaintiff; and that a certain license agreement to defendant Fairfax Engineering Co., for the manufacture, use and sale of the patented repair parts for pipe lines and the tubular stock contouring device (which was likewise licensed under the same licensing agreement) be cancelled. The petition alleged that certain other contracts were entered into, but for present purposes it is unnecessary to notice them.

Hutchison's answer, like plaintiff's petition, is somewhat lengthy. Of it, it is sufficient to say that it denied the "Trust Agreement" constituted a partnership, or that it was terminated by the agreement of July 8, 1943. It alleged that the latter agreement specifically excepted from its operation the rights and interests of plaintiff and this defendant under the "Trust Agreement," and prayed that the relief asked by plaintiff be denied.

Defendant Hovey filed separate answers and counter-claims in his capacity as trustee and also as an individual. His answer asserted substantially the same defenses as those relied on by his co-defendant, Hutchison. After the evidence had been heard, and the cause taken under advisement, defendant Fairfax Engineering Co., for the first time, filed an answer, and in it, it admitted all of the allegations of the petition, and prayed that "it have equity and its costs."

Upon a trial, the court found against plaintiff, and dismissed his petition, and by its judgment and decree found that the "Trust Agreement" had not been cancelled or set aside by the subsequent written agreement of July 8, 1943, and that the "Trust Agreement" constitutes a valid and subsisting trust "which is not, by its terms, by implication, nor by operation of law an agreement of partnership", and awarded separate money judgments against plaintiff and defendant Hutchison, in favor of defendant Hovey on his counter-claim, in sums, respectively, of $825.00 and $425.00. Defendant Hutchison filed a motion for new trial as to the $425.00 judgment against him, which was overruled, but he did not appeal. Plaintiff appealed from the decree dismissing his petition, and from the portion thereof awarding a money judgment against him on Hovey's counter-claim. All of the parties have filed briefs, except Fairfax Engineering Co.

The evidence shows that plaintiff does not claim any interest in the contouring patent (Hutchison's invention) apart from the trust agreement, nor does Hutchison claim any interest in the repair parts patent (McGuire's invention) except by virtue of the trust agreement, so that, if it has already been terminated, or will be as a result of this suit, no question arises as to their respective interests in the patents which form, exclusively, the property governed by the trust agreement; each tacitly (if not expressly) conceding, in that event, that the other would become the sole owner of the patent covering his own invention. It further appears that no work, development or promo-

206

tion whatever of the patents was ever done subsequent to August 1, 1942, the date of the "Trust Agreement," this, as we understand it, on account of conditions growing out of the war, and particularly the inability of the parties, and the licensee, Fairfax Engineering Co., to procure steel. Consequently the cause does not involve any money or profits arising out of the inventions.

The question of this court's jurisdiction was raised when the cause was argued and submitted, and it is our duty to determine it. If jurisdiction of the appeal is in this court, it is because the amount in dispute, exclusive of costs, exceeds the sum of $7500.00, or because a constitutional question is involved, and hence within the purview of Art. V, Sec. 3, Const. of Mo., 1945. Where the appellate jurisdiction of the Supreme Court is invoked on the first of these grounds, the "amount in dispute" must affirmatively appear from the record. The showing in this connection is nothing further than that defendant Hutchison was permitted to state (subject to vehement objections going to his qualification) that, in his opinion, the value of each of the two patents involved was "in excess of $10,000.00."

 Assuming, without deciding, that this opinion evidence constitutes proof sufficient to establish the value of the patents at the figure mentioned, does this circumstance govern on the question of whether that sum is also the "amount in dispute" within the intent and meaning of the Constitution? The following from Evens & Howard Fire Brick Co. v. St. Louis Smelting & Refining Co., decided by the St. Louis Court of Appeals (48 Mo. App. 634, 635) has been approved in many cases in this court, including the court en banc. It succinctly states the applicable rule thus: "It is settled that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or vice versa, should the relief be denied. If either is necessarily in excess of the sum within the appellate jurisdiction of this court, then the supreme court has exclusive cognizance of the appeal." See Aufderheide v. Polar Wave Ice & Fuel Co., En Banc, 319 Mo. 337, 4 S. W. 2d 776, 793; Joe Dan Market, Inc. v. Wentz, 321 Mo. 943, 13 S. W. 2d 641, 644; Fleischaker v. Fleischaker, 338 Mo. 797, 92 S. W. (2d) 169, 170; Higgins v. Smith, 346 Mo. 1044, 144 S. W. 2d 149, 150; Frank Schmidt Planing Mill Co. v. Mueller, 347 Mo. 466, 147 S. W. 2d 670.

 We first examine the question of monetary jurisdiction as it relates to the controversy between McGuire and defendant Hovey. If it has any importance, it is not shown that the value of the trustee's *legal title* to the patents is in excess of $7500.00. In this connection it may be pertinent to note that control over the acts of the trustee,

and the property to which he holds the legal title for the benefit of McGuire and Hutchison, is reserved in, and to be exercised by the beneficiaries jointly; and that the "Trust Agreement" is subject to termination at any time by the beneficiaries. Moreover, the suit is not one to set aside a trust, as such, but plaintiff asks that, if, as a matter of law, the trust agreement has not already been cancelled (by mutual agreement of the beneficiaries), that it be declared an agreement of partnership, between himself and Hutchison, and the partnership dissolved. No accounting is asked, nor any money judgment prayed.

In this situation, what is the value in money of the loss to the defendant Hovey, if the relief sought by plaintiff is granted? It is somewhat comparable to the removal of an executor or administrator (whose authority is even wider than the present trustee's), such administrator or executor being "the legal owner, for the time being and during the course of administration of the personal property of which decedent died possessed," and whose "title and authority extends so completely to all such personal property as to exclude, for the time being, creditors, legatees, distributees, and all others beneficially interested in the estate." In re Wilson's Estate, 320 Mo. 975, 8 S. W. 2d 973, 974. In transferring that case to the Court of Appeals, it was held that the pecuniary value of the personal estate ($17,000.00) ▮ was not the "amount in dispute" for the purpose of determining jurisdiction of the appeal from a judgment removing the administrator; but rather the value of the right necessarily involved, i. e., the right or title to the office of administrator, which, measured in money, would be the pecuniary value of the fees or compensation to which the administrator would be entitled upon his administration of the estate.

Nor would the circumstance that the trustee would be required to make conveyance of the title to the patents having the value mentioned, be controlling. In Fanchon & Marco Enterprises v. Dysart, (Mo.), 189 S. W. 2d 291 plaintiff sought specific performance of a contract to sell certain shares of stock, and asked that the decree direct that plaintiff pay to the defendant Building Corporation the sum of $17,007.93, and that "upon such payment the Building Corporation shall transfer to the plaintiff" the stock in question. The cause was, nevertheless, transferred because the amount of dispute did not exceed $7500.00. Analogies are to be found in such cases as Peer v. Ashauer, (Mo.), 92 S. W. 2d 154, and National Surety Corp. v. Burger's Estate, (Mo.), 183 S. W. 2d 93. In the former, where partition of land valued at "approximately $8,000.00" was sought, the value of the realty was deemed insufficient to show that the "amount in dispute" was in excess of $7500.00, where it further appeared "that no part of the proceeds, if partition is had, is in dispute." In the latter, the surety company sought to be relieved of future liability on a curator's

208

bond for $30,000.00. It was not alleged that any breach of the bond had occurred. Plaintiff unsuccessfully contended that because the amount of the bond was $30,000.00, the "amount in dispute" was necessarily in excess of $7500.00. See, also, Dutton v. Prudential Ins. Co., (Mo.), 190 S. W. 2d 933, a suit for the reformation of a life insurance policy, involving the question as to the time when the admitted sum of more than $16,000.00 should be paid, which was held to be within the jurisdiction of the Court of Appeals.

Defendant Hovey filed counter-claims, and recovered judgments against both McGuire and Hutchison for his services as trustee, and we are forced to the conclusion that the "amount in dispute," as between the trustee, on the one hand, and plaintiff, on the other, is fixed by the amount of the former's judgment of $825.00 for services, and this is obviously insufficient, in amount, to invest this court with jurisdiction of the appeal. The record is silent as to the value of the licensing agreement with Fairfax Engineering Co., which plaintiff seeks to have cancelled, so the question of the "amount in dispute" in that connection need not be further noticed.

What is the "amount in dispute" as between McGuire and Hutchison? They are now the beneficial owners, in equal proportions, of the two patents to which their trustee holds the legal title, and those patents have equal value. If the relief sought by McGuire is granted, his beneficial interest in the tubular stock contouring patent will be extinguished, and in lieu of that interest, and the titles as presently held, he will become the sole and absolute owner of the repair parts patent. Conversely, Hutchison's beneficial interest in the repair parts patent will be extinguished, and, he will become the sole owner of the tubular stock contouring patent. In that event, their pecuniary interests will not have been affected, because each patent is shown to have the same value, and in that view there is, as between them, no "amount in dispute" in the constitutional sense. The value of the device or arrangement set up under the "Trust Agreement" as a plan or instrumentality for the protection and advancement of the interests of the parties thereto (as distinguished from the value of the property forming the subject matter of the agreement) is not shown, so we are wholly without a criterion for determining the monetary value of the relief to McGuire, nor the loss to Hutchison, should it be granted. "Speculation or conjecture as to the amount in dispute cannot be indulged in for the purpose of determining jurisdiction." City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. 2d 658, 659; Evans v. Chevrolet Motor Co., (Mo.), 102 S. W. 2d 594; Hanssen v. Karbe, (Mo.), 106 S. W. 2d 415; Crescent Planing Mill Co. v. Mueller, (Mo.), 117 S. W. 2d 247, 118 A. L. R. 709. Under the authorities cited, we [327] think it clear that this court does not have jurisdiction on the basis of the "amount in dispute."

The presence of the supposed constitutional question arises out of the fact that the defendants, Hutchison and Hovey, Trustee, in their answers, pleaded that the setting aside, cancelling and termination of the "Trust Agreement" would: (1) Deprive them of vested property rights without due process of law; (2) constitute the taking of property for private use without compensation and without the consent of the owner; and (3) impair the obligation of a contract —all in violation of certain enumerated provisions of both the State and Federal constitutions. Being an equity case, it is to be heard de novo in this court on the record below. To be entitled to be heard on the constitutional questions sought to be raised, those questions must be briefed in this court, and the briefs in this case make no mention of any constitutional question. We considered this precise question in the very recent case of Hanna v. Sheetz, decided March 10, 1947, 355 Mo. 1215, 200 S. W. (2d) 338. The following from that case is directly in point and controlling here: "As stated, the briefs make no mention of any constitutional question. In such a situation, under some of the authorities, the court is at liberty to conclude that the alleged constitutional question is merely colorable, and not substantial, and upon that ground transfer the case. Little River Drainage District v. Houck, 282 Mo. 458, 222 S. W. 384; Hartzler v. Met. St. Ry. Co., 218 Mo. 562, 117 S. W. 1124; Hunter v. Hunter, 355 Mo. 599; 197 S. W. 2d 299. Others hold that where the constitutional question is abandoned in appellant's brief, the Supreme Court loses jurisdiction of the cause. DeHatre v. Ruenpohl, 341 Mo. 749, 108 S. W. 2d 357; Ashbrook v. Willis, 338 Mo. 226, 89 S. W. 2d 659; Cooper County Bank v. Bank of Bunceton, 310 Mo. 519, 276 S. W. 622; Brooks v. Menaugh, 320 Mo. 183, 6 S. W. 2d 902; Standard Oil Co. v. City of Moberly, 324 Mo. 577, 23 S. W. 2d 1004; Junior v. Junior, (Mo. Sup.), 84 S. W. 2d 909. Our attention has not been called to any case where this court has retained jurisdiction, where dependent on a constitutional question, when that question was not briefed. As said by Judge Lamm in the Hartzler case, in referring to the failure of an appellant to brief the constitutional point, and transferring the cause '. . . we feel invited to broadly infer that, by their refusal to reason the point, counsel concedes it is no point to reason.' So it is in the case at bar, and in either view—whether because the question is merely colorable, or has been abandoned—this court is without jurisdiction, and the cause must be transferred to the Kansas City Court of Appeals."

The cause is, accordingly, transferred to the Kansas City Court of Appeals. All concur.