Lennie S. WATKINS, Sr., Respondent,

v.

John L. WATTLE, Appellant.

No. 59143.

Supreme Court of Missouri,
En Banc.

Sept. 13, 1976.

Byron D. Luber, Ward & Reeves, Caruthersville, for respondent.

Wendell W. Crow, Ford, Ford, Crow & Reynolds, Kennett, for appellant.

DONNELLY, Judge.

This is a proceeding in unlawful detainer involving 17.68 acres of land in Pemiscot County, Missouri.

On April 10, 1963, John H. Wilks and Earl Wilks, his wife, leased the land to E. E. Wattle and John L. Wattle for a term beginning January 1, 1964, and ending December 31, 1974.

On January 30, 1969, Mrs. Earl Wilks, surviving spouse of John H. Wilks, deceased, executed a lease of the land, and other land, to John L. Wattle for a term beginning January 1, 1975, and continuing for and during the natural life of John L. Wattle.

On August 13, 1971, E. E. Wattle and John L. Wattle executed a quitclaim deed in favor of Earl Wilks for the purpose of releasing all their interest in the leases of April 10, 1963, and January 30, 1969.

On August 16, 1971, Earl Wilks, by general warranty deed, conveyed the land to Lennie S. Watkins, Sr.

On April 18, 1972, Lennie S. Watkins, Sr. demanded of E. E. Wattle and John L. Wattle that they surrender possession of the land. The Wattles refused and suit was filed in the Magistrate Court of Pemiscot County, Missouri. The cause was finally transferred to the Circuit Court of Dunklin County, Missouri for trial.

On August 2, 1972, a trial on the question of possession was had before Judge William H. Billings. Watkins proved his right to possession under the deed of August 16, 1971, that he demanded possession and that the Wattles refused to deliver possession.

On cross-examination of Watkins, the Wattles made an offer of proof as follows:

"At this time we would like to prove that the plaintiff would testify, if permitted, upon examination as to the oral conversation between himself and Mr. John Wattle and Mrs. Aletha Wattle, his mother, at the Wattle's Store in August of 1971 on the occasion of bringing the quitclaim deed to that store, that if they would sign the release of the written lease that they had, that he stated, 'Well, you can still farm the land as long as I own it.' And they discussed the terms and it would be under the same relationship that he had with Mrs. Wilks prior to that time; that following that occasion, in the month of August, at the home of Mrs. Wilks, some two or three days thereafter, when Mr. John Wattle took the quitclaim deed to that home, Mr. Watkins had arrived just immediately prior to that, and their conversation was that he appreciated their giving the deed, Mr. Watkins appreciated the Wattles giving the deed, and it was discussed at that time that they could go ahead farming the land just like they had been farming it, for such period of time as he might own that property."

Counsel for Watkins objected to the offer on the basis of § 441.120, RSMo 1969, the substance of which "is that where a tenant holds over after the termination of his written lease and is sued for possession by the party entitled thereto, oral evidence of any renewal, extension, substituted or new lease to the tenant shall be inadmissible, and the tenant's right to continued possession must be evidenced by a written contract." *Gideon-Anderson Lbr. Co. v. Hayes*, 348 Mo. 1085, 1088, 156 S.W.2d 898, 899 (1941). The objection was sustained. *The constitutionality of § 441.120 was not questioned at this time.*

On direct examination of John Wattle, the Wattles made an offer of proof as follows:

"Your Honor, at this time we'd like to offer to prove that this witness, if permitted, would testify that when Mr. Watkins brought Mrs. Wilks to the store there at Kinfolks Ridge to get the quitclaim deed executed that as a part of their discussion and as a consideration for his signing the quitclaim deed releasing the written leases, he discussed with the

purchaser of the property, the plaintiff in this action, what arrangements were to be made with regard to his continuing farming the land, at which time Mr. Watkins stated, 'Well, you can still farm the land as long as I own the land.' And they discussed the terms, and it was to be under the same one-third and one-fourth rental that he had previously farmed the land with Mrs. Wilks."

Counsel for Watkins again objected to the offer on the basis of § 441.120, and the objection was sustained. *The constitutionality of § 441.120 was not questioned at this time.*

On August 2, 1972, Judge Billings found for Watkins on the issue of possession.

On August 10, 1972, the Wattles filed a notice of appeal to the Springfield District of the Court of Appeals.

On September 25, 1972, Judge Billings tried the issue of damages and directed the parties to submit proposed findings of fact and conclusions of law with respect to the issue of damages.

On October 3, 1972, Watkins filed an affidavit for citation for contempt against John Wattle because he had harvested the cotton crop on the land.

On December 11, 1972, a hearing was held before Judge Billings who directed the parties to prepare a memorandum on the issue of contempt and took all issues remaining in the case under advisement.

On March 12, 1973, a stipulation was filed whereby the parties agreed that Judge Flake L. McHaney could rule upon all remaining issues in the case.

On April 27, 1973, the appeal was dismissed by the Springfield District of the Court of Appeals.

On August 19, 1974, Judge McHaney was disqualified on request of Watkins and Judge Marshall Craig was designated to act as Special Judge.

Judge Craig entered final judgment on May 19, 1975.

On May 27, 1975, the Wattles filed their motion for new trial, in which, *for the first time*, they challenged the constitutionality of § 441.120, by asserting:

"The Court erred in excluding oral testimony offered by the Defendants regarding the oral lease and authorization of Plaintiff that Defendant John L. Wattle farm the property involved for the following year or until such time as Plaintiff might sell same; the Court erred in excluding oral testimony on the basis of Sec. 441.120 R.S.Mo.1969, in that said statute is not applicable to the factual situation involved in this case, and, in any event, said statute is discriminatory and violative of the equal protection and due process clauses of the U. S. and Missouri Constitutions."

On June 30, 1975, the motion for new trial was overruled. John L. Wattle appealed to this Court. He asserts this Court has jurisdiction because the appeal "involves the construction of the due process and equal protection clauses of the Missouri and U. S. Constitutions relative to [§ 441.120] and relative to the construing of whether same establishes an unreasonable and discriminatory class in violation of said equal protection clauses and deprives persons in the position of appellants of hearing and due process of law."

On April 14, 1976, Watkins, filed in this Court his motion to dismiss the appeal or transfer the cause to the Springfield District of the Court of Appeals, for the reason, among others, that the "constitutional issue was not timely raised at the first opportunity and kept alive."

On April 20, 1976, Watkins' motion was ordered taken with the case. On May 13, 1976, the cause was argued to the Court.

In *Lohmeyer v. St. Louis Cordage Co.*, 214 Mo. 685, 689, 690, 113 S.W. 1108, 1110 (1908), this Court said:

"But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived."

The following language from *Hartzler v. Metropolitan St. Ry. Co.*, 218 Mo. 562, 564, 565, 117 S.W. 1124, 1125 (1909) is appropriate here:

> "In *Lohmeyer* * * *, the constitutional question was raised for the first time in the motion for a new trial, and it was held on review of many cases, that under the circumstances there present it could have been raised sooner, and therefore was not raised at all, so as to give this court jurisdiction. That case is on all-fours with this, and must control, if it be followed."

The challenge to the constitutionality of § 441.120 could and should have been made at trial when the objections were sustained to the offers of proof. Cf. *Suess v. Imperial Life Ins. Co.*, 193 Mo. 564, 91 S.W. 1041 (1906); *State ex rel. Simmons v. American Surety Co. of New York*, 210 S.W. 428 (Mo.1919).

This Court has no jurisdiction of this appeal "[b]ecause the constitutional point was not timely invoked in accordance with the usual course of orderly procedure * * ." *Hartzler*, supra (117 S.W., l.c. 1125).

The cause is transferred to the Springfield District of the Court of Appeals for decision on the non-constitutional question raised on appeal.

SEILER, C. J., and MORGAN, HOLMAN, BARDGETT and FINCH, JJ., and WELBORN, Special Judge, concur.

HENLEY, J., not sitting.