**Sandra and Danny L.,**
**Parents-Appellants,**

v.

**JACKSON COUNTY JUVENILE**
**COURT, Respondent.**

**No. KCD 28608.**

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

---

Adrienne E. Volenik, Jeanette Ganousis, St. Louis, Gwendolyn M. Wells, Carol Coe, Legal Intern, Gregory P. Barabas, Legal Intern, Kansas City, for parents-appellants.

Cheryle L. Micinski, Kansas City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

An appeal from the order of the Juvenile Court of Jackson County assuming jurisdiction over a child and placing the custody of the child in the Division of Family Services for foster home placement on a temporary basis. The parents appeal, contending that the court erred in determining the child was neglected within the meaning of Section 211.031 RSMo 1969 and asserting constitutional error in the application of the statute.

Before discussion of the only issue necessary for decision in the case, the claims of constitutional error must be disposed of.

█ The claim of constitutional error in five lettered subsections of the point in the parents' brief, further divided in a variety of fashions under the lettered subpoints, may be comprehended under the general heading of a claim that Section 211.031 violates the due process clause of the 14th Amendment to the United States Constitution in that it is unconstitutionally vague. The transcript of the hearing and the proceedings before the Juvenile Court reveal not one word with respect to any such claim of constitutional infirmity. There was absolutely no attack made at any time before, after, or during the hearing before the Juvenile Judge with respect to the claimed error. In this state of the record, the constitutional issue, if any, is not properly raised and cannot be considered. *Watkins v. Wattle*, 540 S.W.2d 69 (Mo. banc 1976); *Christiansen v. Fulton State Hospital*, 536 S.W.2d 159 (Mo. banc 1976), and this principle applies in juvenile cases; *Morrison v. State*, 252 S.W.2d 97 (Mo.App.1952).

The only issue for determination is the first point in the parents' brief which alleges error in the following language: "The Jackson County Juvenile Court erred in its finding because marital discord is not a proper reason for declaring a child to be

neglected or dependent within the meaning of Section 211.031 RSMo 1969, V.A.M.S."

The petition in this case alleges that the *environment* of the child is injurious to his welfare in the following language:

"The environment of Anthony L. is injurious to his own welfare because the persons legally responsible for his proper care, custody, supervision and maintenance fail or are unable to properly provide such in that the marital discord between natural parents creates an unhealthy emotional environment for the child."

The point is stated in terms of an absolute failure of a legal basis for a finding of neglect. A comparison of the point with the allegation of the petition demonstrates that the claim is too broad. The allegation is that the *environment* of the child is injurious to his welfare, a ground specifically recognized in the statute, the allegation of the marital discord is simply an explication of the causative factor in the environmental situation. The argument expands the issue to the question of the evidential support for the trial court's finding. The argument of the parents, as best it may be understood, is that the court erred because no evidence existed that any harm *had occurred* to the child, but only that such harm *might occur* in the future. The whole thrust of parents' argument is that before the court can consider behavior of the parents as affecting adversely the emotional health of the child, the emotional health of the child must be demonstrated to be deficient and that *anticipated* harm to the emotional state of the child is not a sufficient reason for the court to invoke its jurisdiction with respect to the custody of the child.

■ Preliminary to the disposition of this issue, it should be noted that juvenile proceedings and appellate review of such partake the nature of civil proceedings. *State ex rel. R. L. W. v. Billings,* 451 S.W.2d 125 (Mo. banc 1970); *In re In Interest of T_ _ G_ _,* 455 S.W.2d 3 (Mo.App.1970). The scope of review is as in court-tried cases. *In re Ayres,* 513 S.W.2d 731 (Mo.App.1974).

Our review involves deference to trial court findings as recently stated and clarified in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

It must be emphasized initially that the record in this case does not demonstrate any objection by the parents' attorney to the competency or qualification of those who testified in support of the petition, nor was there any challenge to the competency of the evidence offered by the juvenile officer in support of the petition.

■ The record before this court is sufficient to support the adjudication. It is replete with conclusions elicited from witnesses whose qualifications were not very well explicated but were not questioned. The evidence, in the face of an attack as to its sufficiency to support the judgment, must be taken as true, together with all the reasonable inferences therefrom. *Beneficial Finance Co. of St. Charles, Inc. v. Kitson,* 530 S.W.2d 497 (Mo.App.1975); *Nutz v. Shepherd,* 490 S.W.2d 366 (Mo.App.1973), and this is the rule in Juvenile cases; *In re In Interest of T_ _ G_ _,* 455 S.W.2d 3 (Mo. App.1970).

Considering the evidence in that light, the court was presented with evidence which indicated that the behavior of the parents and the resolution of their marital problems was upon such a basis that it posed a serious threat to the emotional stability of the child. In addition, the evidence, unobjected to, came into the record that these parents were in a high risk area in terms of a potential for child abuse.[1]

■ In the light of this evidence, the finding of the trial court that the child's environment was injurious to his welfare is clearly justified. Although not required to do so, the court held a bifurcated hearing on, first, adjudication and then disposition. The evidence referred to is on the adjudication hearing. After the file was introduced on the dispositional hearing, the evidence supporting the finding is even stronger. The use of bifurcated proceedings in ne-

---

1. There was an objection to this testimony based on some claim of confidential relationship which is not now urged as a ground of error.

glect cases in such a mechanical fashion may be questioned since some of the social history and medical evidence may be highly relevant on the issue of neglect. See A__ S__ v. Murphy, 487 S.W.2d 589 (Mo.App. 1972). The concern and protection of the juvenile court extends to the protection of the emotional well-being of the child. *In re Ayres,* 513 S.W.2d 731, 735 (Mo.App.1974), where the court said, "The basic goal of a neglect law is to prevent the social, physical, and psychological deterioration of children."

■ Nor must the juvenile court stand idly by in the face of a situation recognized as potentially harmful to the emotional well-being of a child and await the child's emotional destruction before attempting to protect the child from an injurious and harmful environment potentially destructive of the child's emotional health.

■ What has been said is not intended to approve of the manner in which the witnesses were qualified and the manner in which the testimony was elicited in the hearing in this case. When a juvenile court undertakes to remove a child from a home upon the basis of a threatened emotional harm to the child based upon the behavior of the parents, the proof of the projected harm should be by qualified experts upon the basis of reasonable expectation of probable harm as a psychological fact, and not upon mere conclusions. In the light of the error complained of and bearing in mind that this court reviews a juvenile proceeding as a court-tried civil case, there is no basis in this record for disturbing the judgment of the trial court. There is nothing in this record which engenders a firm belief that the finding of the trial court was erroneous. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

Affirmed.

All concur.