WILLIAM H. BROWN *et al.*, Plaintiffs in Error, v. THOMAS TURNER AND JOHN BIRD, Defendants in Error.

St. Louis Court of Appeals, December 23, 1890.

Jurisdiction, Appellate: ACTION INVOLVING TITLE TO LAND. A husband built a dwelling on land belonging to himself with money of his wife. On the death of his wife her heirs instituted an action against him, charging that he had thus expended the money with the understanding between himself and her, that the house should

be her separate property, and praying that a conveyance of the property charged to have been made by him to defraud the plaintiffs should be set aside, and that he be adjudged to hold the property as trustee for them. *Held*, on appeal from a judgment against the plaintiffs on demurrer to their petition, that the cause should be transferred to the supreme court.

*Error to the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

*Transferred to the Supreme Court.*

*Stone & Slevin*, for plaintiffs in error.

*Lee & Ellis*, for defendants in error.

THOMPSON, J.—This is a proceeding in equity by the heirs at law of Margarite Turner against Thomas Turner, her surviving husband, for the recovery of a certain dwelling-house situate in the city of St. Louis. The petition recites that Margarite Turner died on the fifth day of June, 1889, intestate, leaving surviving her the plaintiffs, her children, as her sole heirs at law; that, prior to her death, and in the year 1889, she had received from the Ancient Order of United Workmen the sum of $1,500 on account of a benefit certificate, of which she was the beneficiary, upon the life of her brother, John Greve; that she delivered this sum of money to Thomas Turner, her husband, who, with her consent and in her behalf, expended the same in a dwelling-house upon a certain lot owned by him in the city of St. Louis; that no other moneys entered into the erection of said house, excepting the sum of $200 which belonged to the defendant, Thomas Turner.

The allegation is made that said sum of $1,500 was the separate property of said Margarite Turner, and had never been reduced to possession by her husband, but had been expended by him in the manner above stated and in her behalf; that it was understood between said Margarite Turner and her husband that the house

should be her separate property, although the title thereto seemed and was permitted to remain in her husband by reason of his ownership of the lot upon which the same was erected; that, upon the death of said Margarite Turner, the legal title to said dwelling-house became vested, under and by virtue of the laws of Missouri, in the plaintiffs as her heirs at law, and as tenants in common. The further allegation is made that Thomas Turner, with the intent, and for the purpose of defrauding the plaintiffs, did, on the tenth day of June, 1889, execute a conveyance of the said lot and dwelling-house to the defendant, John Bird, for the alleged consideration of $1,000; but the averment is made that this consideration was wholly voluntary and fictitious, and that the conveyance was made for the purpose and with the intent of defrauding the plaintiffs, and that the defendant, John Bird, was well aware of, and knew that the property belonged to the plaintiffs and not to Thomas Turner.

The prayer of the petition is that the said convey-ance to the defendant Bird be declared void; that the plaintiffs be declared to be the heirs at law of Margarite Turner, deceased, and as such entitled to the said prop-erty, or so much thereof as belonged to said Margarite Turner; that the defendant Turner be decreed to hold the same as trustee of the plaintiffs, and that, as such trustee, he be ordered to sell the same, or so much thereof as may be necessary, and out of the proceeds to pay the plaintiffs the sum of $1,500.

The circuit court sustained a demurrer to this peti-tion, and the plaintiffs have appealed to this court.

If there were any doubt as to the theory of this suit after reading the foregoing petition, the written argu-ment which has been filed in this court on behalf of the plaintiffs would dispel that doubt. It is that the deceased wife was the *equitable* owner of the *house*, considered as a part of the *realty*, and that these plain-tiffs, as her heirs at law, are the *legal owners* of it; and

that, as such, they are entitled to relief in the nature of a decree of sale for partition. In order to reach this result they seek to establish, as against the defendant Turner, their title to the house, as the heirs of the deceased Mrs. Turner; to impeach for fraud the conveyance made by the defendant Turner to the defendant Bird; to have a decree reducing Bird's title from that of absolute ownership to that of a constructive trustee, in which character he is to be required to sell the land in order that they may get out of it the value of the house. They necessarily proceed on the ground that the house is real estate, else they, being merely the heirs of Mrs. Turner, would have no title even on this theory to sue; or if the house is regarded as personal property, or if the object of the action is merely to charge a debt upon the land, and to have the land sold for a debt due from the husband to the deceased wife, then the right of action would lie, not in her heirs, but in her executor or administrator. We must, therefore, conclude that, on the theory of the plaintiffs, who are here the appellants asking us to assume jurisdiction, this cause involves the title to real estate in a double sense. So far as the house is concerned, and considering it as part of the real estate, it involves, *first*, the question of the title of the defendant Turner, and, *secondly*, that of the defendant Bird. So far as the defendant Bird is concerned, the primal object of the suit is to impeach his title to the real estate in question. It is, therefore, clear that this appeal is *prima facie* returnable to the supreme court. *Baier v. Berberich*, 77 Mo. 413. The fact that we may agree with the circuit judge in his opinion that the action is not well brought, cannot affect our decision of the question of jurisdiction; for we cannot first decide the merits in order to determine whether we have jurisdiction of the appeal. The cause must, therefore, be transferred to the supreme court under the provisions of section 3300 of the Revised Statutes of 1889. It is so ordered. All the judges concur.