LITTLE RIVER DRAINAGE DISTRICT v. LOUIS HOUCK et ux., Appellants.

In Banc, May 21, 1920.

1. **APPELLATE JURISDICTION: Fixed by Trial Record: Waiver.** Jurisdiction is not the subject-matter of consent. Appellate jurisdiction is fixed by the record in the trial court, and neither party can change it by mere waiver of the jurisdictional question. [Overruling State ex rel. Crow v. Carothers, 214 S. W. 857, and Scott v. Dickinson, 217 S. W. 270.]

Little River Drainage Dist. v. Houck.

2. ——: Constitutional Question: Colorable: Abandonment. Although a constitutional question was timely and properly raised and has been properly preserved for review in the record of the trial court, and thereby the appellate jurisdiction is fixed· in the Supreme Court, if the question is neither briefed nor urged, and is therefore to be considered as having been abandoned, the question becomes merely colorable and without substance, and the case, otherwise coming within the jurisdiction of the Court of Appeals, will be transferred to that court, just as would a case in which the alleged constitutional question had already been settled and was no longer a live question.

Appeal from Cape Girardeau Circuit Court.—*Hon. Frank Kelly,* Judge.

Transferred to St. Louis Court of Appeals.

*A. M. Spradling* and *Giboney Houck* for appellants.

*Oliver & Oliver* for respondent.

GRAVES, J.—From our learned commissioner we borrow the facts as follows:

"This is a suit by plaintiff, Drainage District, to foreclose a lien claimed by it for certain special taxes, levied by said district upon the real estate described in the petition, together with the interest, costs and attorneys' fees. The taxes are claimed to have been levied pursuant to Section 5538, Revised Statutes 1909, which authorizes a levy of 25 cents per acre against lands in the district for certain purposes therein set forth. The amount of the taxes sued for was less than $1,000. The answer, among other things, pleaded that the said act was unconstitutional in that it violated certain specified sections of the Constitution of this State, and of the United States. Also contained a counterclaim against the plaintiff drainage district, asking $5,000 damages. On motion of the plaintiff, the counterclaim was stricken out. There was judgment for the plaintiff as prayed for, $926.79 taxes and 10 per cent attorneys' fees and other costs. Defendants asked a demurrer to the evidence

which was refused. The defendants filed a motion for new trial on the ground the court erred in refusing their demurrer and in which they preserved their constitutional questions, also their exception to the ruling of the court in striking out their counterclaim. Defendant's motion for new trial being overruled, they appealed to this court.

"In this court, the appellants nowhere in their brief, points and authorities, or in any manner, assert said act is unconstitutional. But simply assert the act does not authorize any lien on their property and there is no provision for enforcing such lien or collecting such taxes."

I. From the statement of the case it appears that the constitutional question was duly lodged, and preserved below, and when the appeal was taken it was properly granted to this court. Before the jurisdiction can be divested it must appear to this court (1) that the constitutional question is merely colorable, or (2) that although, at one time substantial, it has been previously passed upon by this court, and is therefore no longer a live question. By previously, we mean prior to the appeal in the case, because we have often ruled that if a constitutional question was a live issue at the time the appeal was taken, our jurisdiction will not be ousted by reason of the fact that this court had decided the question adversely to appellant, after his appeal was taken.

But we have indicated in State ex rel. Crow v. Carothers, 214 S. W. 857, and Scott v. Dickinson, 217 S. W. 270, that the mere abandonment of the constitutional question in this court (although a live one when our jurisdiction obtained) would transfer the case to the Court of Appeals. To the doctrine of these cases we do not consent.

With appellate jurisdiction fixed by the record, nisi, in this court, neither party can change that jurisdiction by mere waiver of the jurisdictional question. We determine our own jurisdiction without the consent, or other action of either or both parties. Jurisdiction is

not the subject-matter of consent. We mean jurisdiction of the subject-matter. Neither party, after there has been a fixed record in the trial court, as here, can change the jurisdiction of this court upon that case by either acts of omission or commission. The record *nisi* fixes the jurisdiction, and not the acts of the parties. In so far as State ex. rel. Crow v. Carothers, and Scott v. Dickinson, supra, seemingly hold that by abandonment here, the appellant may shift jurisdiction from this court to the Court of Appeals, they should be overruled.

The case should be transferred to the Court of Appeals for the following reasons. Appellant does not brief nor urge his constitutional point in the brief here. From that we can, and do conclude, that his alleged constitutional question is merely colorable and substantial. By this we pass upon the constitutional question, and find it without substance, and by reason of that fact transfer the cause, but do not agree that either party can by either acts of commission or omission waive our jurisdiction. From the act of omission we conclude the jurisdictional question is colorable only, and the case should be transferred, just as we would transfer a case when the alleged constitutional question (by reason of our previous rulings) was no longer a live question. But in both instances this court would be determining its own jurisdiction, and would not be permitting the parties, either by acts of commission or omission, to determine it for us. This is the theory in Botts v. Railroad, 248 Mo. 56, and Moore v. United Rys., 256 Mo. 165.

The exact contention was ruled by LAMM, P. J., in Hartzler v. Met. Street Ry. Co., 218 Mo. l. c. 565, whereat, in discussing a constitutional point, not argued in the brief of appellant, our court unanimously said:

"The failure of counsel to reason the point (though well equipped to do so) is tantamount to an abandonment of it. By saying so much as that, we do not mean to rule that if we, prima-facie, had jurisdiction, we would lose it by the mere abandonment of the point; for jurisdiction is not given or lost by mere consent. What we

mean to say is that we feel invited to broadly infer that, by their refusal to reason the point, counsel concede it no point to reason."

In other words this court passes upon its jurisdiction, and this without reference to the question of waiver. When the appellant fails to brief and urge his alleged constitutional question, we are at liberty to conclude that it is merely colorable and not substantial and upon that ground transfer the case. Such is the situation of this case. It is therefore transferred to the St. Louis Court of Appeals for final disposition upon the merits.

All concur except *Woodson, J.,* absent; *Blair* and *Williams, JJ.,* concur in result.