THE STATE EX REL. MAX BRENNER ET AL. v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.—32 S. W. (2d) 760.

Division One, November 18, 1930.

*Frank M. Lowe* and *Ringolsky, Boatright & Jacobs* for relators.

*Henry S. Conrad, L. E. Durham* and *Hale Houts* for Sherrill Babcock.

RAGLAND, J.—Certiorari. In the case of Sherrill Babcock, plaintiff, v. A. E. Rieger, Louis Singer and Max Brenner, defendants, an appeal was allowed plaintiff from a judgment returned in favor of defendants, in the Circuit Court of Jackson County, to the Kansas City Court of Appeals. The Court of Appeals on hearing and submission reversed the judgment of the circuit court and remanded the cause. The relators, the defendants in the original proceeding, ask to have quashed the record of the Court of Appeals, on the ground that that court was wholly without jurisdiction of the appeal. The question of jurisdiction is to be resolved by determining whether "the amount in dispute . . . exceeds the sum of seven thousand five hundred dollars."

The suit just referred to was instituted by plaintiff Babcock, against Rieger and Singer on December 8, 1925. The petition, so far as pertinent here, was as follows:

"That on the 1st day of August, 1922, plaintiff, in writing, leased said premises to one Max Brenner, for a period of ten years, beginning August 1, 1922, for a yearly rental of twelve thousand ($12,000) dollars per year for the first six years, payable one thousand ($1,000) dollars per month, and at a yearly rental of fifteen thousand ($15,000) dollars per year for the remaining four years, payable twelve hundred and fifty ($1250) dollars per month; said monthly payments to be made in advance; that by said lease said Brenner agreed in writing to pay said rent aforesaid and to pay, during the term of said lease, all real estate taxes upon said property, both general and special.

"Plaintiff further states that, in consideration of the granting of said lease to said Brenner by plaintiff, defendants did by a writing attached to said lease, and executed contemporaneously therewith, guarantee and agree that they would jointly and severally guarantee that said Brenner would pay said installments of rent and taxes when due to plaintiff as lessor, and that in default of such payment by said Brenner that they would pay said rent or taxes to an amount not to exceed six thousand ($6,000) dollars, during the first six years of said lease upon written notice of any such default given to them by plaintiff.

". . . that there became due, under the terms of said lease, from said Brenner to plaintiff, installments of rent for the months of January, February, March, April, May, June and July, of the year 1925, at one thousand ($1,000) dollars per month, and that there became due and payable general and special real estate taxes upon said property, as follows:

"Kansas City General Taxes, 1925, $1109.68; Kansas City Special Taxes, 1925, $1333.16; State and County Taxes, 1925, $1909.70. That the total which became due under said lease, upon account of said taxes and installments of rent is eleven thousand, three hundred fifty-two and 54/100 ($11,352.54) dollars; that of said sum two thousand seven hundred ninety and 34/100 ($2,790.34) dollars has been paid, either by said Brenner or by credits to which he was entitled; that no part thereof has been paid by defendants; that said taxes have become delinquent and that plaintiff has been compelled to and has paid the same in the amounts aforesaid; that said Brenner is indebted to plaintiff on account of said rent and taxes and over and above all payments and credits the sum of $8,562.20; that plaintiff has made demand upon said Brenner for said sum and said Brenner has wholly failed to pay the same.

"Plaintiff states that on the 24th day of November, and the 25th day of November, 1925, he duly notified defendants Rieger and Singer, respectively, of default of said Brenner, in payment of said taxes and rent and payment to plaintiff of said sum of $8,562.20, due from said Brenner to plaintiff on account thereof, and demanded of said defendants, payments to plaintiff of the sum of six thousand ($6,000) dollars, as provided for in said written guarantee, but that defendant and each of them wholly failed to pay the same. . . .

"Wherefore, plaintiff prays judgment against said defendants in the sum of six thousand ($6,000) dollars, with interest from November 25, 1925, and for his costs."

After the institution of the suit Brenner, on his application and over the objection of the plaintiff, was made a party defendant. Thereupon Brenner filed an answer and cross-petition. In the cross-petition he alleged at length certain matters as having created against plaintiff an estoppel *in pais*, and on the basis of such allegations, together with averments that he would be vexed and harrassed by further litigation, he asked that the lease be cancelled as of a date anterior to the accrual thereunder of the rent and taxes alleged in the petition to be owing by him.

The answer of the defendants Rieger and Singer set up substantially the same matter as a defense.

After hearing the evidence the circuit court adjudged that plaintiff take nothing by his petition and that the lease (described in the petition) and "the certain guarantee attached to and made part of

said lease . . . be and the same are hereby forever cancelled, annulled, abrogated and set aside." Such was the judgment appealed from.

The suit as commenced was an action at law in which the amount claimed was $6,000. But the cross-petition in setting up matters of equitable cognizance and asking affirmative equitable relief converted the action into a suit in equity. The amount in dispute thereafter was not only the $6,000 demanded in the petition, but the value of the relief sought by the cross-bill. [Conrad v. De Mont-. court, 138 Mo. 311, 321, 39 S. W. 805.]

The petition alleged that under the terms of the lease there was due and owing by Brenner, the lessee, as installments of rent and on account of taxes paid by the lessor, the sum of $8,562.20, and sought the recovery from defendants Rieger and Singer the amount thereof guaranteed by them, namely, $6,000. The purpose of the cross-bill was not only to cut out the foundation upon which plaintiff's right to recover the $6,000 rested, and thereby destroy his case, but to wipe out in its entirety defendant Brenner's liability under the lease, the accrued liability of $8,562.20, and the liability for all future payments thereunder.

One of the items alleged in the petition to be owing by Brenner to the plaintiff was for special taxes in the sum of $1333.16. Plaintiff's evidence disclosed that special taxes had been assessed against the leased premises in 1922 for the cost of certain public improvements; that the lessor, the owner of the premises, had elected to pay them in ten equal annual installments, as he was privileged to do; that the lessee, Brenner, who had obligated himself by the lease to pay the taxes assessed against the demised premises, as and when they became due, had failed to pay the installments due in the years 1924 and 1925; that by reason of such defaults execution was issuable against the premises for all the installments then remaining unpaid; and that to protect the premises from such an enforcement of the lien for the taxes plaintiff was compelled to pay, and did pay, the remaining installments amounting to $1333.16. When the evidence was all in, the plaintiff submitted to the court certain findings of fact which he desired the court to adopt, and among others the following: "The court finds that the plaintiff is not insisting upon an allowance and judgment against the guarantor defendants for special taxes paid by him in 1925, as alleged in his petition, in the sum of $1333.16." This is pointed out by respondents as a relinquishment in part of the amount alleged in the petition to be owing by Brenner. But it is to be noted that plaintiff was careful to limit the application of his non-claim of $1333.16 to the issues between himself and the "guarantor defendants." As to Brenner there was no recession of any part of the claim as set forth in the petition, namely, that he owed plaintiff $8,562.20.

As showing a further disclaimer by plaintiff Babcock of $1333.16 of the amount claimed in his petition to be owing by Brenner, respondents pick out the following excerpt from Babcock's statement of the case in the Court of Appeals: "It appeared that some of the taxes which were alleged in the petition to be owing by Brenner were special taxes for which he was not liable under the lease, to-wit, in amount about $1300." It is clear from the context that the statement just quoted was not intended as a disclaimer so far as Brenner was concerned, but even if it was it came too late to effect jurisdiction of the appeal. Jurisdiction of an appeal is to be determined from the record of the trial court at the time the appeal is granted. "Jurisdiction is not the subject-matter of consent. We mean jurisdiction of the subject-matter. Neither party, after there has been a fixed record in the trial court, as here, can change the jurisdiction of this court upon that case by either acts of omission or commission. The record *nisi* fixes the jurisdiction, and not the acts of the parties." [Little River Drainage District v. Houck, 282 Mo. 458, 461, 222 S. W. 384.]

On the record as a whole it is clear that the amount in dispute in the controversy between plaintiff Babcock and defendant Brenner, raised by the cross-bill, exceeds $7,500, even if the value of Brenner's relief from liability for future installments of rent and the payment of taxes be eliminated.

The Court of Appeals based its holding that the amount in dispute was within its jurisdiction on the ground that the cross-bill did not state facts entitling defendant Brenner to equitable relief. But the trial court held that the cross-bill did state such a cause of action and by its judgment awarded the very relief prayed therein. And it was for the purpose of overturning that judgment, a judgment based on the cross-bill, that the appeal was taken. The value of the relief given defendant Brenner by such judgment was clearly the amount in dispute for jurisdictional purposes. Being without jurisdiction the Court of Appeals could not determine whether the cross-bill stated a cause of action or whether it was germane to the action pleaded in the petition: it could not first decide the merits of the controversy in order to determine whether it had jurisdiction of the appeal. [Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 2 S. W. (2d) 771; Lowe v. Frede, 151 Mo. App. 569, 132 S. W. 274; Brown v. Turner, 43 Mo. App. 40.]

Relators did not raise the question of the Court of Appeals' jurisdiction until after that court had determined the appeal and reversed the judgment of the circuit court. But that fact is wholly without influence. Jurisdiction of the subject-matter cannot be waived; neither can it be conferred by consent, much less by the acquiescence or silence of the parties.

Respondents' counsel, who were also counsel for appellant in the case of Babcock, appellant, v. Rieger et al., respondents, during its pendency in the Court of Appeals, ask us to proceed to determine the controversy on its merits, if we hold that the Court of Appeals was without jurisdiction of the appeal. The request embodies a gross misconception of the nature and scope of our jurisdiction in a proceeding of this kind.

"The writ of certiorari . . . reaches only questions of jurisdiction. It does not deal with the merits of controversies between the litigants. It acts upon judicial bodies and their proceedings, not upon private controversies." [State v. Bland, 168 Mo. 1, 7, 67 S. W. 580.]

"*Certiorari* is a remedy narrow in its scope and inflexible in its character. It is not a general utility tool in the legal workshop. It cannot be made to serve the purpose of an appeal or writ of error. All that can be done under it is either to quash or to refuse to quash the proceedings of which complaint is made." [State ex rel. v. Dawson, 284 Mo. 490, 504, 225 S. W. 97.]

For the reasons herein appearing the record of the Court of Appeals, a transcript of which was duly certified to us pursuant to our writ herein, should be quashed. It is so ordered. All concur.