Herbert HEUER and Ervin Heuer,
Plaintiffs-Appellants,

v.

J. E. ULMER, Defendant-Appellant.

No. 44288.

Supreme Court of Missouri.

Division No. 2.

Dec. 13, 1954.

J. Grant Frye, Cape Girardeau, for plaintiff.

Stephen Barton, Benton, Thomas L. Arnold, Benton, for defendant.

TIPTON, Presiding Judge.

Plaintiffs filed their petition in the circuit court of Scott County in two counts. The first count was on a note for $2,756.33 which was executed as part of the purchase price of a Massey-Harris combine. Count two was for $271.36, the purchase price of parts used to repair the combine. The answer of defendant contained a counterclaim for $12,786 for damages sustained by defendant because defendant was unable to fulfill contracts he had to combine wheat and soybeans on account of the defective condition of the combine.

The jury returned a verdict for defendant on plaintiffs' counts one and two of their petition. On defendant's counterclaim the jury's verdict was for the plaintiffs.

There is no point raised by the brief in this court as to the counterclaim. In fact, defendant's brief says, "Now the defendant having refuted the points made by plaintiffs on their appeal, informs the court that the position of defendant on this appeal is that the trial was properly conducted and that no error was committed. However, defendant has appealed from the adverse judgment on his counterclaim so that in the event the court should find some prejudicial error in the conduct of the trial and require that another trial be held, he will have another trial on his counterclaim, as defend-

ant feels that if there should be any prejudicial error discovered by this court that such error would require a retrial of the counterclaim, also."

■ An issue adversely ruled on in the trial court but not presented on appeal must be regarded as abandoned. Brannan v. Long, Mo., 191 S.W.2d 625; Petty v. Kansas City Public Service Co., 355 Mo. 824, 198 S.W.2d 684; Crampton v. Osborn, 356 Mo. 125, 201 S.W.2d 336, 172 A.L.R. 344.

■ "The amount in dispute * * * is determined by the amount that actually remains in dispute between the parties *on the appeal,* and subject to the determination by the appellate court of the legal question raised by the record." State ex rel. Federal Lead Co. v. Reynolds, 245 Mo. 698, loc. cit. 703–704, 151 S.W. 85, 86.

■ "Our jurisdiction depends on live issues, issues really in existence. Issues involving amounts in excess of $7,500 which stand abandoned on appeal have been considered colorable and meritless, and insufficient to vest appellate jurisdiction here. Ashbrook v. Willis, 338 Mo. 226, 89 S.W.2d 659, 660[6]; Buddon Realty Co. v. Wallace, Mo.Sup., 188 S.W.2d 28, 29[2]; Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900[3–5, 7]; Kingshighway Presbyterian Church v. Sun Realty Co., 324 Mo. 510, 24 S.W.2d 108, 109[3]. See 21 C.J.S., Courts, § 409, p. 668." Lemonds v. Holmes, Mo., 229 S.W.2d 691, loc. cit. 692.

■■ If the counterclaim is abandoned, as we have just ruled, then the only live questions before us are those arising in counts one and two of plaintiffs' petition. The amount in dispute in these two counts is less than $7,500.

It follows that we are without jurisdiction of the action and it should be transferred to the Springfield Court of Appeals. It is so ordered.

LEEDY and ELLISON, JJ., and DEW and ANDERSON, Special Judges, concur.