**W. C. COONCE, Plaintiff-Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COM-PANY, a Corporation, Defendant-Respondent.**

**W. C. COONCE, Plaintiff-Respondent,**

v.

**MISSOURI PACIFIC RAILROAD COM-PANY, a Corporation, Defendant-Appellant.**

Nos. 7921, 7924.

Springfield Court of Appeals.

Missouri.

June 1, 1961.

Ralph R. Bloodworth, Bloodworth & Bloodworth, Poplar Bluff, for W. C. Coonce.

George W. Holmes, Mark M. Hennelly, and Allen D. Churchill, St. Louis, for Missouri Pac. R. R. Co.

McDOWELL, Judge.

The above cases are cross-appeals from a judgment of the Circuit Court of Butler County, Missouri, in the case of W. C. Coonce, plaintiff, vs. Missouri Pacific Railroad Company, a corporation, defendant. The suit is for personal injuries sustained by plaintiff having been struck by defendant's train in Butler County. Plaintiff claimed damages in the sum of $100,000. The cause was tried in the Circuit Court of Butler County by a jury and a verdict and judgment entered for plaintiff in the sum of $4,500. From this judgment plaintiff appealed to the Springfield Court of Appeals on the sole ground of the inadequacy of the verdict and judgment. This appeal was docketed in our court as Case No. 7921.

Defendant, Missouri Pacific Railroad Company, a corporation, perfected its appeal from the same judgment on the ground that the trial court erred in overruling defendant's motion for judgment in accordance with its motion for a directed verdict at the close of all of the evidence because the evidence was insufficient to sustain a verdict for plaintiff. This appeal is docketed in our court as Case No. 7924.

At the hearing in the Springfield Court of Appeals these causes were consolidated by consent.

Respondent, in appeal case No. 7921, raises the question of jurisdiction of this court because the amount in dispute is in excess of $15,000.

■ The law governing the jurisdiction of the appeal in this case is clearly stated in Glore v. Bone, Mo.Sup., 324 S.W.2d 633, 634 [1, 2], to-wit:

"Where a plaintiff appeals on the ground that his verdict and judgment is inadequate, the amount in dispute for purposes of appellate jurisdiction, absent exceptional circumstances, is the difference between the amount prayed for and the amount of the judgment in the trial court. Combs v. Combs, Mo., 284 S.W.2d 423, 424 [1]; Vogrin v. Forum Cafeterias of America, Inc., Mo.App., 301 S.W.2d 406, 409 [4], and Id., Mo., 308 S.W.2d 617." For additional authority see Heuer v. Ulmer, Mo.App., 264 S.W.2d 895; Rossomanno v. Laclede Cab Co., Mo.Sup., 328 S.W.2d 677, 678 [1].

Under the above authorities exclusive jurisdiction in appeal No. 7921 is in the Supreme Court. The amount sued for in said cause was $100,000, the judgment was for $4,500, and the amount in dispute is $95,500. No exceptional facts and circumstances exist which would reduce the amount involved so as to place the jurisdiction in the Springfield Court of Appeals.

In case No. 7924, the amount involved does not exceed the jurisdiction of our court. The proper appellate procedure with regard to establishing the appropriate jurisdiction where two separately docketed appeals arise from the same verdict and judgment, each of which, standing on its own merits, would present a record making the Supreme Court the appropriate court in the one instance and the appellate court the appropriate court in the other, the jurisdiction of both cases is in the Supreme Court.

In Heuer v. Ulmer, Mo.App., 264 S.W.2d 895, 896 [1], our court stated:

"Although plaintiffs and defendant have taken separate appeals, which have been docketed separately in this court, both appeals are from the same final judgment, and there is but one case on appeal. * * * If the amount in dispute upon either appeal is such as to vest exclusive appellate jurisdiction in the Supreme Court, the entire case must be heard there."

■ Under the law there can be only one final judgment in a case disposing of same as to all parties and, while any or all of the parties may appeal if aggrieved by

the judgment, it is yet one case on appeal and the separate appeals must be disposed of by one appellate court. Walsh v. Southwestern Bell Telephone Co., 331 Mo. 118, 52 S.W.2d 839, 840 [1, 2]; Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360, 362 [1, 2]; Montana v. Nenert, Mo.App., 226 S.W.2d 394, 396 [1]; Lincoln Trust Co. v. Mersman et al., Mo.App., 187 S.W.2d 50, 51 [1].

It is the judgment of this court that jurisdiction in the above appeals is in the Supreme Court. It is therefore ordered that each of the above appeals be transferred to that court.

STONE, P. J., and HUNTER, Special Judge, concur.