Elizabeth FESTE, Appellant-Respondent,

v.

Billy M. NEWMAN, Respondent,

and

Jean Denton, Appellant.

No. 49143.

Supreme Court of Missouri,

En Banc.

June 4, 1963.

David G. Dempsey, Richard B. Dempsey, Eaker, Dempsey, Heath & Dempsey, Clayton, for plaintiff-appellant.

Derrick & Holderle, St. Louis, for defendant-appellant.

Gray & Jeans, Charles E. Gray, St. Louis, for defendant-respondent, Billy M. Newman.

STOCKARD, Commissioner.

In Elizabeth Feste's suit against Jean Denton and Billy M. Newman, wherein she sought $50,000 for personal injuries arising out of an automobile accident, the jury verdict was in favor of plaintiff and against her host driver, Jean Denton, in the sum of $10,000, but in favor of defendant Billy Newman, the operator of the other automobile. Jean Denton appealed to the St. Louis Court of Appeals "from the verdict and judgment" against her, and plaintiff appealed to this court "from the verdict and judgment entered in this action." When the transcript was filed in the St. Louis Court of Appeals and it was noted that plaintiff's appeal had been taken here the Court of Appeals properly transferred the appeal of Jean Denton to this court.

Jean Denton contends that the trial court erred in giving two instructions, one of which was Instruction No. 5, and in refusing an instruction requested by her. The one and only point in plaintiff's brief is as follows: "Plaintiff's sole ground for reversal of the judgment of the trial court in favor of defendant Newman is conditioned on this Court's reversal of the judgment in favor of plaintiff against defendant Denton for alleged error in the giving of Instruction Number 5, a sole cause instruction, on behalf of defendant Newman. Plaintiff submits that Instruction Number 5 properly states the law and requires findings of all facts necessary to the verdict. But if this Court should decide, contrary to the position of plaintiff and defendant Newman, that the trial court erred in giving Instruction Number 5, then plaintiff submits that because of any such error the judgment of the trial court should be reversed and she should be granted a new trial of the issues between her and defendant Newman."

In her point plaintiff sets forth no action or ruling of the trial court which is contended to be erroneous. In fact, in the argument she states that she "is frankly and openly arguing that she should lose her appeal." She only contends, as stated in her point, that if Jean Denton prevails on her appeal, there should be a new trial of the issues not only between her and Jean Denton but also between her and Billy Newman. However, she is entitled to such new trial only for error prejudicial to her, and after she has properly preserved and presented her contention of error for appellate review. A contention of error not preserved for appellate review in the appellant's brief must be regarded as abandoned. Heuer v. Ulmer, Mo., 273 S.W.2d 169; Crampton v. Osborn, 356 Mo. 125, 201 S.W.2d 336, 172 A.L.R. 344. We conclude that plaintiff has presented no assignment of error in the point in her brief for appellate review. Billy Newman has filed a motion to dismiss the appeal of plaintiff for the reason that her brief fails to comply with Civil Rule 83.05, V.A.M.R., in that it presents no assignment of error for appellate review. For the reasons previously set forth we agree and conclude that the appeal should be dismissed. See Turner v. Calvert, Mo., 315 S.W.2d 118; Walker v. Thompson, Mo., 338 S.W.2d 114. This leaves for decision only the issues presented by the appeal of Jean Denton, but if this court has jurisdiction of that appeal it is only because it is an appeal from a judgment from which another appeal has been taken which involves more than the minimum jurisdictional amount. See Morton v. Southwestern Telegraph & Telephone Co., 280 Mo. 360, 217 S.W. 831, and Sandusky v. Sandusky, 265 Mo. 219, 177 S.W. 390, which hold that the same case cannot be pending on appeal in two appellate courts through appeals of different parties to the action, and that where more

than one party appeals and the amount in dispute in either appeal gives this court jurisdiction, both appeals should be sent to this court for final determination. This presents the question whether appellate jurisdiction is irrevocably established as of the time the appeal is taken, or whether if jurisdiction in a court of limited jurisdiction is established by the record at the time of taking the appeal it may subsequently be lost by failure to preserve or present for appellate review an issue within the scope of the limited jurisdiction.

■■ This court has exclusive appellate jurisdiction in all cases, among others, "involving the construction of the Constitution of the United States or of this state, * * * the title to real estate, * * * and * * * in all cases where the amount in dispute, exclusive of costs, exceeds the sum" of $15,000. Section 3, Article V, Constitution of Missouri V.A.M.S.; Section 477.040 RSMo 1959, V.A.M.S. Cases may be found in which it is stated that "appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted and that nothing subsequently occurring will defeat or confer jurisdiction on this court." Hunter v. Hunter, 355 Mo. 599, 197 S.W.2d 299, 300. For similar statements see Snowbarger v. M. F. A. Central Cooperative, Mo., 317 S.W.2d 390; Little River Drainage Dist. v. Houck, 282 Mo. 458, 222 S.W. 384; Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592; Tant v. Gee, 348 Mo. 633, 154 S.W.2d 745; State ex rel. Brenner v. Trimble, 326 Mo. 702, 32 S.W.2d 760; McGregory v. Gaskill, 317 Mo. 122, 296 S.W. 123. However, as stated in Hunter v. Hunter, supra, 197 S.W.2d at p. 300, "This statement of the rule may be too broad if taken literally." A correct statement, as evidenced by the rulings of this court, is that appellate jurisdiction of this court of a case must exist at the time of taking the appeal, Trokey v. United States Cartridge Co., Mo., 214 S.W.2d 526; Snowbarger v. M. F. A. Central Cooperative, Mo., 317 S.W.2d 390; Paisley v. Liebowits, Mo.,

347 S.W.2d 178, and if it does not then exist nothing occurring subsequently will result in this court acquiring jurisdiction. Snowbarger v. M. F. A. Central Cooperative, Mo., 317 S.W.2d 390. However, even though the record indicates that appellate jurisdiction exists in this court at the time the appeal is taken, the failure to preserve and keep alive for appellate review issues essential to the exercise of jurisdiction will result in the lack of jurisdiction of this court to rule the case on appeal.

■ It has repeatedly been held that in order to vest this court with jurisdiction on the basis that the case involves the construction of the Constitution the question must be raised at the first available opportunity, the sections of the Constitution claimed to have been violated must be specified, the point must be presented in the motion for new trial, if any, and *it must be briefed on appeal*. City of St. Louis v. Butler, 358 Mo. 1221, 219 S.W.2d 372; McGuire v. Hutchison, 356 Mo. 203, 201 S.W.2d 322, 327; Mooney v. County of St. Louis, Mo., 286 S.W.2d 763; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669. It is thus apparent that if there is compliance with the first three requirements at the time the appeal is taken jurisdiction of the case would appear to be in this court, but by the subsequent failure to comply with the fourth requirement jurisdiction in this court to rule the case is lost. In Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900, it was stated that the "jurisdiction * * * [of this court] depends upon live issues being presented on matters within [its] jurisdiction."

■ The same result is reached when jurisdiction in this court is dependent only on the basis of the amount in dispute. In Heuer v. Ulmer, Mo., 273 S.W.2d 169, the plaintiff's petition involved an amount less than the minimum amount necessary to vest this court with appellate jurisdiction, but the counterclaim of defendant involved a sufficient amount. The judgment was for the defendant on the petition and for the plain-

tiff on the counterclaim and both appealed. At the time the appeal was taken the amount in dispute appeared to be within the jurisdiction of this court. However, there was no point in defendant's brief presenting for appellate review any issue as to the counterclaim. In that case, the contention of the defendant was that "the trial was properly conducted and that no error was committed," but that "in the event the court should find some prejudicial error in the conduct of the trial and require that another trial be held, * * * defendant feels that if there should be any prejudicial error discovered * * * such error would require a retrial of the counterclaim, also." This court held that for the purposes of determining jurisdiction of the appeal " 'The amount in dispute * * * is determined by the amount that actually remains in dispute between the parties *on the appeal,* and subject to the determination by the appellate court of the legal question raised by the record.' " Heuer v. Ulmer, supra at p. 170. This rule is applicable to the pending case.

Mention must be made of Tant v. Gee, 348 Mo. 633, 154 S.W.2d 745, because it may appear to present a different rule. In that case the plaintiff sought specific performance of a contract to convey real estate upon the payment of $2,400, but he also sought a credit of $1,320 on the aforesaid consideration. The trial court "decreed specific performance, conditioned upon the payment of $1,350.55 by plaintiff." It was stated in the opinion that on appeal the defendant presented only issues questioning the propriety of the credits allowed the plaintiff, and from that statement alone it might appear that title to real estate was not involved. However, the decree of specific performance was conditioned upon the payment of what was determined to be the correct amount, and the judgment of this court was that "The judgment is reversed and the cause remanded with direc-

tions to condition the decree of specific performance upon a credit to plaintiff of $40 only * * *." Thus the judgment of the trial court from which the appeal was taken, and which was subject to affirmance or reversal, operated directly on the title to real estate. The statement in that opinion that "appellate jurisdiction over the subject matter is determined upon the record in the trial court at the time the appeal is granted" is correct as far as it goes, but it is subject to the observations previously made.

■ The factual situation of this case falls precisely within the rule announced in Heuer v. Ulmer, supra, that "Issues involving amounts in excess of [minimum jurisdictional amount of the Supreme Court] which stand abandoned on appeal have been considered colorable and meritless, and insufficient to vest appellate jurisdiction here." There are no issues pending between plaintiff and Billy Newman because they were abandoned by plaintiff and her appeal is dismissed. The only issues for decision are those presented by the appeal of Jean Denton and they involve less than $15,000.

The appeal of plaintiff is dismissed, and since this court does not have jurisdiction of the appeal of Jean Denton it is transferred to the St. Louis Court of Appeals.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court en Banc.

All of the Judges concur except STORCKMAN, J., who dissents in separate opinion filed.

STORCKMAN, Judge (dissenting).

There are two principal reasons why I cannot concur in the adoption of the divi-

sional opinion as the opinion of the court en banc.

First, this procedure overlooks and fails to consider and dispose of the plaintiff-appellant's point to be argued as restated in her supplemental brief filed and presented to the court en banc for decision.

Second, multiple appeals in the same case do not make separate cases in the appellate court and the appeals must be considered as "one case". The result of dismissing one of the appeals (once well vested in this court) and of transferring the other is the fragmentation of the "one case on appeal" and a piecemeal disposition which is not necessary under the law and is not desirable in that it is likely to result in injustices that the "one case on appeal" rule was designed to avoid.

The two appeals here involved were taken in the same case from the Circuit Court of the City of St. Louis. One was lodged in this court initially; it was taken by the plaintiff from an adverse judgment in her suit for $50,000 against the defendant Newman. The other defendant, a Mrs. Denton, appealed to the St. Louis Court of Appeals from the $10,000 judgment against her and in favor of the plaintiff. The Denton appeal was properly transferred to this court by the St. Louis Court of Appeals. The appeals were briefed, argued and submitted first in Division Two then on transfer in the court en banc where the plaintiff filed a supplemental brief as appellant. For brief and convenient distinction, we will sometimes refer to plaintiff's appeal as the $50,000 judgment or appeal and the defendant Denton's appeal as the $10,000 judgment or appeal.

The majority opinion in Division Two as originally written held that plaintiff's assignment of error (which was conditional or in the alternative) must be considered abandoned because it was defectively briefed. In transferring the case however, the opinion made no specific disposition of the $50,000 appeal. A dissenting opinion was filed pointing out that there was no such disposition of a case on appeal known as "abandonment", but that appeals could only be disposed of in accordance with Civil Rule 83.13(c), V.A.M.R., and § 512.160, subd. 3, RSMo 1959, V.A.M.S., or Civil Rule 83.09. The dissenting opinion also opposed the transfer on the ground that any disposition of the $50,000 appeal was in effect an affirmance of the judgment, was a partial exercise of this court's jurisdiction, and that this court should dispose of the entire case on appeal. Thereafter, without granting a rehearing, the divisional opinion was modified in several respects and concluded with the dismissal of the $50,000 appeal and the transfer of the $10,000 appeal to the St. Louis Court of Appeals. The case was then transferred to the court en banc.

In the court en banc, as she had a right to do, the plaintiff filed a supplemental brief and argument as appellant. She restated the point which had been held defective in Division Two and cited authorities. As presented in the court en banc, plaintiff's point reads as follows: "In the event that this Court should find that the trial court erred in giving Instruction No. 5, a sole cause Instruction, offered by defendant Denton [Newman], for the reason that this Instruction was erroneous in: (1) failing to hypothesize the relative positions of the two automobiles and defendant Denton's ability to see the Newman automobile, and (2) enlarging Denton's duty to yield the right of way by requiring her to yield the right of way regardless of whether she saw or could have seen the Newman automobile, then in that event it necessarily follows that Instruction No. 5 was prejudicially erroneous not only as to defendant Denton, but also as to plaintiff, and for these same reasons plaintiff should be granted a new trial on her claim against Newman. Snider v. King, Mo.App., 344 S.W.2d 265; Happy v. Blanton, Mo., 303 S.W.2d 633; Schmittzehe v. City of Cape Girardeau, Mo., 327 S.W.2d 918." There-

after the respondent Newman also filed a supplemental brief in the court en banc.

The plaintiff's assignment of error in the form presented in Division Two is set out in the second paragraph of the majority opinion. This is the point relied on which the majority opinion says "sets forth no action or ruling of the trial court which is contended to be erroneous", which is the requirement of Civil Rule 83.05(a) (3). The restatement of the point as presented in the court en banc has not been ruled.

Both statements of the point are sufficient in my opinion to tell the court what relief the plaintiff seeks and why. This is not an unusual practice; it has been recognized in numerous cases. For instance, in the recent case of Nuchols v. Andrews Investment Co., Mo.App., 364 S.W. 2d 128, 131, the court states that "plaintiffs, *admittedly solely as a precautionary measure, and only in the event of success in this appeal by Andrews Investment Company,* seek to have the judgment amended or modified so as to make it a joint judgment against all the defendants or in the alternative seek a new trial as to defendants Johnson on the question of liability alone." Italics added.

Civil Rule 41.03 provides: "These rules shall be construed to secure simplicity and uniformity in civil procedure, fairness in the administration of justice, and the elimination of unjustifiable expense and delay." Civil Rule 83.24 provides: "These rules shall be liberally construed to promote justice, to minimize the number of cases disposed of on procedural questions and to facilitate and increase the disposition of cases on their merits." Contrary to the letter and spirit of these rules, the majority opinion places an unusually strict construction on plaintiff's statement of her point which prevents a review on the merits and produces far-reaching disorders. The appellate courts of this state have encouraged compliance with the rules in briefing appellate cases, but if the strictness applied in the majority opinion were to be enforced in all cases before this court few of them would be disposed of on the merits.

Plaintiff's restatement of her point for the hearing by the court en banc is a decided improvement and about as good as can be done with the alternative or conditional plea that plaintiff is making. It is certainly understandable and is consistent with our rules and decisions that permit statements of claims and relief to be made "alternately and hypothetically." Civil Rules 55.06 and 55.12, V.A.M.R.; Gomillia v. Missouri Pacific R. Co., Mo., 345 S. W.2d 202, 209 [4].

The divisional opinion which the court en banc adopted is unsuited for the determination of the case presented in the court en banc. Thus, the opinion of the court en banc is erroneous in that it overlooks and fails to consider plaintiff's point as restated in her supplemental brief filed and presented in the court en banc. Civil Rule 83.16.

If the majority opinion stands, there will be two mandates issued with respect to a single judgment of the trial court and at different times. One will issue from the supreme court on the dismissal of the $50,000 appeal and the other at some future time from the court of appeals on its action with respect to the $10,000 appeal. This will be contrary to a long-established practice hitherto considered satisfactory.

In an action there can be only one final judgment which must dispose of the case as to all parties and the same case cannot be pending on appeal in different appellate courts. Morton v. Southwestern Telegraph & Telephone Co., 280 Mo. 360, 217 S.W. 831, 833 [1]. Where more than one party appeals and the amount in dispute in either appeal gives the supreme court jurisdiction, both appeals should be sent to that court for final determination in order to avoid inconsistent judgments in the same case. Morton v. Southwestern Telegraph & Telephone Co., supra.

The rule has heretofore been well settled that separate appeals must be disposed of by one appellate court since they constitute but one case on appeal. Walsh v. Southwestern Bell Telephone Co., 331 Mo. 118, 52 S.W.2d 839, 840 [2]; Ruehling v. Pickwick-Greyhound Lines, 337 Mo. 196, 85 S.W.2d 602 [1]; Punch v. Hipolite Co., 340 Mo. 53, 100 S.W.2d 878, 880 [1]; Flynn v. First National Safe Deposit Co., Mo., 284 S.W.2d 593, 597 [12]; Coonce v. Missouri Pacific R. Co., Mo.App., 347 S.W.2d 242, 243 [2]. The Flynn case states, 284 S.W.2d loc. cit. 597: "No provision exists for a party to 'split' a judgment and to take separate appeals from each part."

In order to preserve the integrity of the one-case rule and maintain orderly procedure in the disposition of cases, the propriety of defendant Newman's Instruction No. 5 should have been considered and the result applied to the Denton appeal and plaintiff's appeal in accordance with the determination made. At that point there could have been a dismissal of the plaintiff's appeal if the court considered that appropriate. Civil Rule 83.13(c), V.A.M.R., and § 512.160, subd. 3, RSMo 1959, V.A. M.S. Civil Rule 83.09 provides that if an appellant fails to comply with certain rules required to perfect the appeal, the court may "dismiss the appeal or affirm the judgment" at the time "the cause is called for hearing." A dismissal is usually employed where there is a total failure, such as not filing a transcript. In the present case a judicial determination was necessary.

The opinion relies on Heuer v. Ulmer, Mo., 273 S.W.2d 169, which case was transferred on a somewhat similar set of facts without a dismissal. I think Heuer is subject to the same criticism as the present case and should not be followed. Nor can I agree with the distinction attempted to be made regarding Tant v. Gee, 348 Mo. 633, 154 S.W.2d 745. It could have been as logically said in Tant that there was no live issue in this court regarding that part of the decree which granted specific

performance of a contract to sell real estate; that the only issue remaining for decision was the amount of the credits on the purchase price; and that such issue should be transferred since the amount thereof did not exceed the jurisdiction of the court of appeals.

The majority opinion discloses what appears to be two lines of authority as to when appellate jurisdiction is determined. One is that appellate jurisdiction is determined upon the record in the trial court at the time the notice of appeal is filed and that nothing occurring subsequently will defeat or confer jurisdiction. The other is that jurisdiction may be lost or shifted by reason of appellant's failure to brief the issues which vested the supreme court with jurisdiction at the time the appeal was taken or by briefing such issues defectively. This decision creates further jurisdictional problems by placing the imprimatur of the court en banc upon the fragmentation of an appellate case with consequent exposure to gross injustices due to piecemeal decisions by different appellate courts. This is not only contrary to well-established principles, but it also is an unnecessary waste of manpower that could better be spent writing the case on the merits.

The problems connected with appellate jurisdiction have been of concern to the Bench and Bar for some time. Judges of the appellate courts are acutely aware of the waste of manpower and delay arising under present constitutional provisions relating to appellate jurisdiction. The chief concern of lawyers is the expeditious disposition of their appeals rather than which appellate court decides them. Changes in the constitutional provisions relating to appellate jurisdiction are perhaps the most satisfactory solution; but the possibility of changes are matters for the distant future. In the meantime the decisions of the appellate courts can be clarified and simplified so as to alleviate somewhat the duplication of effort and delay now involved.

For these reasons I respectfully dissent.