Eugene NOELKER and Cecelia Noelker, Respondents,

v.

August A. WEHMEYER and Mabel Wehmeyer, Appellants.

No. 50513.

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1964.

Robert Hoelscher, Warrenton, Leo A. Politte, Washington, for respondents.

A. H. Juergensmeyer, Warrenton, Theodore P. Hukriede, Washington, for appellants.

WELBORN, Commissioner.

This as an appeal from a judgment of the Warren County Circuit Court in an action begun by respondents by filing a petition for ejectment. The counterclaim filed by appellants sought a decree canceling the deed on which respondents' title was based, alleging that it had been procured from the appellants by fraud and ordering the reconveyance of the property to the appellants.

The trial court entered an interlocutory decree in which it found that the deed from appellants to the respondents had not been procured by fraud, but that it was intended as an equitable mortgage to secure an indebtedness of the appellants to the respondents. The decree ordered that, upon the payment, on or before April 27, 1963, of the indebtedness and the reimbursement of respondents by the appellants in the amount of $4,765.02 spent by the respondents for improvements on the premises, the respondents should reconvey the property to the appellants. The interlocutory decree further provided that, in default of such payment, judgment would be entered in favor of the respondents on their petition and against the appellants on the appellants' counterclaim. Payment was not made as called for by the interlocutory decree and, on October 28, 1963, the trial court entered a final judgment in favor of the respondents on their petition in ejectment and against the appellants on the appellants' counterclaim. Appellants have appealed from such judgment.

In their brief on this appeal, appellants' jurisdictional statement is as follows:

"The petition of Respondents sought ejectment of the Appellants from real estate located in Warren County, Missouri. The answer of the Appellants alleged that the deed by which Respondents claimed title to the real estate was obtained by fraud from appellants and asked that it be set aside and the title be adjudged in the Appellants, subject to indebtedness of Appellants."

Presumably by this statement the appellants invoke the jurisdiction of the court on the ground that the case involves the title to real estate within the meaning of Section 3 of Article V, Constitution of Missouri, 1945, V.A.M.S.

However, in their brief, appellants state further:

"The trial Court found, as set out in the Interlocutory Decree that the Warranty Deed was not executed as a result of fraud

and that it was to be considered as an equitable mortgage. The Appellants accept the findings of the trial Court on those questions.

"It is the contention of the Appellants that the trial Court was in error in its finding that they would have to pay Respondents $4,765.02 with interest at 6% from February 27th, 1962 in addition to the amount of the cancelled note in order to secure a conveyance of the real estate to them."

By their points and authorities, appellants argue only that the respondents were not entitled to be reimbursed for improvements because they were not bona fide purchasers of the real estate and even if they are entitled to reimbursement, the evidence showed that the improvements enhanced the value of the land by only $1,500 and that they should be required to pay only that amount in addition to their admitted indebtedness instead of $4,765.02 as ordered by the court.

In view of the position of the appellants, we do not consider that title to real estate is involved in this appeal in such manner as to confer jurisdiction thereof on this court. The appellants have acceded to the trial court's determination of the question of their title asserted in their counterclaim. Therefore, title to real estate is not involved within the meaning of the constitutional provision conferring jurisdiction upon this court. Jones v. Hogan, 211 Mo. 45, 109 S.W. 641. There is no "live issue" presented here involving title to real estate. See Ewing v. Kansas City, 350 Mo. 1071, 169 S.W.2d 897, 900(2–5); Feste v. Newman, Mo.Sup., 368 S.W.2d 713, 715(5). The only question raised on this appeal is the amount of reimbursement to which respondents would be entitled if the appellants should obtain reconveyance of the property. The dispute involves only the matter of pecuniary liability in an amount of not in excess of $15,000. We, therefore, have no jurisdiction of the appeal and it should be transferred to the appropriate court of appeals.

The cause is transferred to the St. Louis Court of Appeals.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court. All of the Judges concur.