Elizabeth FESTE, Plaintiff-Respondent,

v.

Billy M. NEWMAN, Defendant-Respondent,
and
Jean Denton, Defendant-Appellant.

No. 31112.

St. Louis Court of Appeals.
Missouri.

March 16, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied April 12, 1965.

Eaker, Dempsey, Heath & Dempsey, David G. Dempsey, Richard B. Dempsey, Clayton, for plaintiff-appellant.

Derrick & Holderle, St. Louis, for defendant-appellant.

Gray & Jeans, Charles E. Gray, St. Louis, for defendant-respondent.

J. P. MORGAN, Special Commissioner.

Plaintiff sought $50,000 for personal injuries allegedly suffered in a collision at the intersection of McRee Street and a public alley in the City of St. Louis between an automobile driven by defendant Denton, in which she was a passenger, and another automobile driven by defendant Newman. The jury found in favor of Newman but against Denton in the sum of $10,000. The dismissal of plaintiff's rather perfunctory appeal against Newman may be found in Feste v. Newman and Denton, Mo., 368 S.W.2d 713, and leaves for decision only those issues presented by the appeal of defendant Denton.

McRee Street runs generally east and west and is intersected west of the accident scene by Vandeventer Avenue which runs north and south. An alley from the north deadends into McRee approximately 234 feet east of Vandeventer. Plaintiff was seated in the right front seat of the Denton automobile as it came south out of the alley onto McRee, but she had no knowledge of how the accident occurred. She called on both defendants to reconstruct the scene. Defendant Denton testified as she approached McRee she observed automobiles parked thereon within four to five feet of the alley; she brought her automobile to a stop with its front end projecting beyond the parked cars in such position that she could see west all the way to Vandeventer; from this position she first looked to her left or east and saw no traffic was approaching; she then looked to her right or west (could see to Vandeventer) and saw no moving traffic; she again looked to her left, saw nothing, and started across McRee to make a left turn; she estimated 3 or 4 seconds elapsed from the moment she took her eyes away from Vandeventer to the moment she started forward, but at another point she stated it took only a total of 3 or 4 seconds for her to look left, right, left again, and start moving; her car was about three-fourths of the way across the center line of McRee when it was struck on the right side by the left front fender of the Newman car.

Defendant Newman testified that to go east he made a right turn off Vandeventer onto McRee at a speed of about 15 miles per hour which increased to 25 or 30 at the point of impact; he did not see the Denton car stopped, but first saw it moving into McRee with its front end about 2 or 4 feet past the parked cars at a speed between 5 to 10 miles per hour; at this moment he was one or two car lengths or 30 to 32 feet west of the alley.

Defendant Denton alleges error in the giving of Instruction No. 5, a sole cause instruction on behalf of co-defendant Newman; refusal of her offered Instruction No. C; and giving of plaintiff's measure of damages Instruction No. 11.

Defendant Denton's allegations of error can be resolved more clearly if the submission of plaintiff's case is first noted. By Instructions No. 1 and 2 plaintiff submitted negligence on the part of each defendant in failing to keep a lookout ahead and laterally. By Instruction No. 3, she submitted negligence on the part of defendant Denton alone in failing to yield the right-of-way. It read: "The Court instructs the jury that the statutes of the State of Missouri, and the ordinances of the City of St. Louis, provide that the driver of an automobile entering a street from an alley shall yield the right-of-way to other vehicles approaching on the street.

"In that regard you are instructed that if you find from the evidence that on the occasion mentioned in evidence defendant Jean Denton was operating an automobile southwardly out of an alley and that as she approached the centerline of McRee, defendant Billy Newman was travelling eastwardly on McRee at a speed of 25 to 30 miles per hour, and was in such close proximity that an immediate hazard of collision was created, and if you further find that thereafter defendant Denton failed to yield the right-of-way and continued across the centerline of McRee and into collision with the Newman automobile and that such failure on her part, if any, to yield the right-of-way was a failure to exercise the highest degree of care and was negligent and that such negligence, if any, *directly and proximately caused, or contributed to cause said collision, and if you find that as a direct result thereof plaintiff was injured, then you are instructed that your verdict should be in favor of plaintiff Elizabeth Feste and against defendant Jean Denton.*" (Italics added).

Defendant Denton has no point in her brief by which she asserts that Instruction No. 3 was prejudicially erroneous as to her. It must be mentioned, however, that in Point II, claiming error in the refusal of

her offered Instruction No. C, she asserts the same deficiencies in No. 3 that are allegedly found in No. 5. However, the point is directed to the refusal of Instruction No. C and not to the giving of Instruction No. 3.

Instruction No. 5 (given by co-defendant Newman) was apparently copied verbatim from No. 3 with the following substituted for the italicized portion: "* * * was a direct and sole cause of the collision and injury, if any, to the plaintiff Feste, and if you further find that defendant Newman was not negligent as submitted to you in other instructions, then you are instructed that your verdict should be in favor of the defendant, Billy Newman."

It is contended that error was committed in giving Instruction No. 5 because: (1) it required her to yield the right-of-way to Newman regardless of whether she saw or could have seen Newman's automobile approaching, (2) it did not hypothesize facts with respect to the view she had to her right as she emerged from the alley or with respect to the position of the automobiles, and (3) it did not hypothesize facts upon which to base a finding that there was a duty on her part to yield the right-of-way.

It is thus immediately apparent that every alleged deficiency in Instruction No. 5 (given by Newman) pertains only to that portion of the instruction which is identical with Instruction No. 3 (plaintiff's verdict directing instruction.)

Plaintiff questions the right of defendant Denton to complain of error, if any, in Instruction No. 5 by contending, "The rule appears to be well settled that one defendant may not complain of error in an instruction offered by a co-defendant unless the error has prejudiced the appealing defendant's right to a fair presentation of his case to the jury." The argument is consistent with the holding in Ciardullo v. Terminal Railroad Ass'n of St. Louis, Mo., 289 S.W.2d 96, 98, 61 A.L.R.2d 516, where it was stated: "* * * The established

rule seems to be that an appealing defendant can avail itself of an error in a co-defendant's instruction which affects the question of the appealing defendant's liability to the plaintiff and prejudices such defendant's interests." Here, the law of this case as to the liability of defendant Denton for failing to yield the right-of-way was established by Instruction No. 3. Did Instruction No. 5 aid plaintiff in establishing defendant Denton's liability or increase the burden of defendant Denton in establishing her defense against plaintiff? It cannot be said that it did for in addition to the fact that she has failed to specify any way in which it prejudiced the issues between her and plaintiff, it should be noted that by it her burden of proof was not enlarged, nor did it restrict or circumscribe her theory of the case or authorize a verdict against her. All it did, in fact, was to instruct the jury that if she was guilty of the negligence charged by plaintiff in No. 3, that defendant Newman was not liable to plaintiff unless he had failed to maintain a lookout as submitted against him in other instructions. The rule uniformly has been, "* * * The appellant cannot complain simply because a co-defendant's erroneous instruction was more favorable than proper to such defendant and thereby prevented a joint verdict and judgment against defendants." Ciardullo v. Terminal Railroad Ass'n of St. Louis, supra; Phegley v. Graham, Mo., 215 S.W.2d 499, 6 A.L.R.2d 382; Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S.W.2d 543. The rule is applicable and the point must be ruled against defendant Denton.

In Point II, she charges error in the refusal of her requested Instruction No. C, which read: "The Court instructs you that an operator of an automobile, when charged with the duty of yielding the right-of-way to approaching traffic, cannot be charged with the failure to yield the right-of-way, unless the approaching traffic is within sight of the person charged with the duty to yield the right-of-way." It can be assumed that if this instruction had been given the

complaints set out in Point I would have been alleviated for as she contends, "It has consistently been held that if either party deems a hypothesized fact or situation not to have been clearly or sufficiently hypothesized such complaining party should offer a clarifying or amplifying instruction." Plaintiff argues that giving the instruction would have created confusion by use of the term "within sight" in that, "It could refer to the objective standard of ability to see; yet it also could refer to the subjective standard of actual sight and knowledge."

In any event, no error resulted from the refusal of this instruction. Its effect would be to direct a verdict without hypothesizing any facts. Even ignoring plaintiff's criticism of it, no facts are set out upon which to support a finding that the automobile of defendant Newman was not "within sight." It might be added, regardless of her testimony that she looked and did not see the Newman automobile, that it had to have been "within sight." It is often said the fact a collision occurred and the manner of its happening are evidentiary facts. Her duty to yield would at least continue to the center of McRee Street (the first point at which she started to enter the south lane provided for eastbound traffic) and her automobile was struck within the time it took three-fourths of it to cross the center line. Any mathematical approach suggested by the evidence, and allowing for any deviation to the left in connection with her turn, places the Newman automobile "within sight." Prejudicial error does not result from the failure to give such an abstract statement of law whether correct or incorrect. Gaffner v. Alexander, Mo., 331 S.W.2d 622; Wilson v. Murch, Mo.App., 354 S.W.2d 332 (339).

Under her third point, defendant Denton urges error in plaintiff's measure of damages Instruction No. 11, because, "* * * the instruction is misleading and fails to restrict recovery of the plaintiff to the injury sustained in the collision of June 1, 1960." Plaintiff, among other injuries, suffered a compound fracture of the arm, and evidence was offered that some of her complaints were perhaps attributable to a fracture of the wrist sustained when she slipped and fell on January 29, 1960. The introductory paragraph of the instruction provided that if plaintiff prevailed, "you will assess her damages in such sum, if any, as you believe and find from the evidence in this case will fairly compensate her for all damages and injuries, if any, you find she sustained as a result of the collision of June 1, 1960, if directly caused thereby." In setting out the elements of damage the jury might consider, references in four subparts were to *her injuries*. From the extended argument on this point, the most that could be concluded would be a suggestion that after each reference to *her injuries* some terminology should have been repeated limiting the consideration of the jury to the injuries suffered in this collision. As previously set out, the first paragraph of the instruction unequivocally advised the jury to consider the damages and injuries directly resulting from the collision of June 1, 1960. It is presumed that the jury was composed of persons of ordinary intelligence and common sense, and there is nothing in the record to suggest they were incapable of understanding such clear and concise language. Although not assigned as error, by argument she complains that Instruction No. 13 given on behalf of defendant Newman was also misleading. It provided in part, "* * * plaintiff is not entitled to recover for any impaired condition she may have had prior to the accident mentioned in the evidence * * *." If she thought Instruction No. 13 did not satisfy her criticism of Instruction No. 11, it became her province to offer a supplementary instruction. Brewer v. Rowe, 363 Mo. 592, 252 S.W.2d 372; Shepard v. Harris, Mo., 329 S.W.2d 1. Having found no error affecting the trial of this cause, your commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion by MORGAN, Special Commissioner, is adopted as the opinion of the Court.

The judgment of the trial court is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.